UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Magnetation LLC,<br>Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC,<br>Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp.,<br>Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC,<br>Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC,<br>Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**NOTICE OF HEARING AND JOINT MOTION FOR AN ORDER
(I) GRANTING AN EXPEDITED HEARING AND (II) AUTHORIZING JOINT
ADMINISTRATION OF CHAPTER 11 CASES**

TO:     The parties in interest as specified in Local Rule 9013-3(a)(2).

1.     Magnetation LLC ("**Mag LLC**") and its subsidiaries, as debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), file this motion (this "**Motion**") requesting the relief described below and give notice of hearing.

2.     The Court will hold a hearing on the Motion at 10:00 a.m. (prevailing Central time) on May 7, 2015 in Courtroom No. 2A, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.     Local Rule 9006-1(c) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought herein, the Debtors do not object to written responses being served and filed up to two hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. On May 5, 2015 (the "**Petition Date**"), each of the above-captioned Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"). The cases are currently pending in this Court.

5. This Motion arises under Bankruptcy Rule 1015, and is filed under Local Rules 9013-1, 9013-2 and 9013-3. Notice of the hearing on this Motion is provided pursuant to Bankruptcy Rule 9013 and Local Rules 9013-2 and 9013-3. The Debtors request entry of an order granting expedited relief and authorizing joint administration of the Debtors' chapter 11 cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

## BACKGROUND

6. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed.

7. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, which is incorporated herein by reference.

8. All of the Debtors are related entities. Mag LLC is the parent company of each of the other Debtors.

9. In these chapter 11 cases, joint administration is appropriate and will facilitate the practical administration of the cases and restructuring of each Debtor. Many of the legal issues

likely to arise in these cases will be common to all the Debtors, and the Debtors expect to execute a comprehensive strategy for exiting the chapter 11 cases.

10. In addition, throughout these chapter 11 cases, the Debtors intend to file a number of motions, applications and other pleadings intended to apply to all of the Debtors' chapter 11 cases. The joint administration of these cases, including combining notices to creditors of the respective estates and hearing of these matters related to all of the Debtors at the same time will promote economical and efficient administration of the estates by avoiding the time and expense associated with Debtors' counsel and all other parties filing duplicate pleadings and preparing duplicate orders.

11. The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration of the Debtors' chapter 11 cases because this Motion requests only administrative consolidation and not substantive consolidation of the Debtors. All of the Debtors' creditors will benefit by the reduced costs resulting from joint administration. This Court, too, will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Supervision of the administrative aspects of the Debtors' cases by the U.S. Trustee will also be simplified.

**RELIEF REQUESTED**

12. By this Motion, the Debtors seek entry of an order substantially in the form filed herewith directing joint administration of these cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

13. Specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' cases under the case of Mag LLC and that the cases be administered under a consolidated caption, as follows:

3

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In re:** <br><br> **MAGNETATION LLC,** *et al.*, <br><br> **Debtors.**[1] | **Chapter 11** <br><br> **Case No. 15-50307 (GFK)** <br><br> **(Jointly Administered)** |

---

[1] **The Debtors are Magnetation LLC (Case No. 15-50307); Mag Lands, LLC (Case No. 15-50308); Mag Finance Corp. (Case No. 15-50309); Mag Mining, LLC (Case No. 15-50310); and Mag Pellet LLC (Case No. 15-50311).**

14. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Debtors' cases, other than the case of Mag LLC, to reflect the joint administration of these chapter 11 cases:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Magnetation LLC, Mag Lands, LLC, Mag Finance Corp., Mag Mining, LLC and Mag Pellet LLC. The docket in Case No. 15-50307 (GFK) should be consulted for all matters affecting this case.

15. Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee's "Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees" on a consolidated basis.

---

[1] The Debtors are Magnetation LLC, Mag Lands, LLC, Mag Finance Corp., Mag Mining, LLC and Mag Pellet LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

**REQUEST FOR EXPEDITED RELIEF**

16. Expedited relief is appropriate in these cases. The decisions regarding joint administration and restricted service should be made early in the cases so that the parties understand how the cases will be administered and avoid unnecessary cost and confusion.

17. Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a memorandum of law, proposed order and proof of service.

18. Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary, call Joseph A. Broking, Chief Financial Officer of Mag LLC, to testify at the hearing on the Motion regarding the facts set out herein. The witness's business address is 102 NE 3rd Street, Suite 120, Grand Rapids, Minnesota 55744.

**NO PREVIOUS REQUEST**

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors request entry of an order:

A. granting an expedited hearing;

B. authorizing joint administration of the Debtors' chapter 11 cases; and

C. granting such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: May 5, 2015 | FREDRIKSON & BYRON, P.A. |
| | |
| |  /e/ Clinton Cutler  |
| | Clinton E. Cutler (#158094) |
| | James C. Brand (#387362) |
| | Sarah M. Olson (#390238) |
| | 200 South Sixth Street, Suite 4000 |
| | Minneapolis, Minnesota 55402 |
| | Telephone: (612) 492-7000 |
| | Facsimile:  (612) 492-7077 |
| | ccutler@fredlaw.com |
| | jbrand@fredlaw.com |
| | solson@fredlaw.com |
| | |
| | *Proposed Local Counsel to the Debtors and Debtors in Possession* |
| | |
| | – and – |
| | |
| | DAVIS POLK & WARDWELL LLP |
| | Marshall S. Huebner (NY #2601094) |
| | Damian S. Schaible (NY #4086864) |
| | Michelle M. McGreal (NY #4599031) |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | Telephone: (212) 450-4000 |
| | Facsimile:  (212) 607-7983 |
| | marshall.huebner@davispolk.com |
| | damian.schaible@davispolk.com |
| | michelle.mcgreal@davispolk.com |
| | |
| | *Proposed Counsel to the Debtors and Debtors in Possession* |

6

## **VERIFICATION**

I, Joseph A. Broking, Chief Financial Officer of Magnetation LLC, based upon my personal information and belief, declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: May 5, 2015       Signed: _____
                                 Joseph A. Broking

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC, | Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp., | Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC, | Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC, | Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER
(I) GRANTING AN EXPEDITED HEARING AND (II) AUTHORIZING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Magnetation LLC ("**Mag LLC**") and each of its subsidiaries that are debtors and debtors in possession in these chapter 11 cases (the "**Debtors**") submit this memorandum of law in support of the motion submitted herewith (the "**Motion**") in accordance with Local Rule 9013-2(a). By the Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only.

## BACKGROUND

The supporting facts are set forth in the verified Motion, verified by Joseph A. Broking, Chief Financial Officer of Magnetation LLC. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

**LEGAL ANALYSIS**

**I.     THE DEBTORS' REQUEST FOR EXPEDITED RELIEF SHOULD BE GRANTED.**

The Debtors request expedited relief on the Motion.  Bankruptcy Rule 9006(c) provides that the Court may reduce the notice period for a Motion "for cause shown."  Cause exists here to grant the Motion on an expedited basis.  Decisions about joint administration and restricted service should be made as early in a case as possible, so that parties in interest will know how the case is to be administered, to minimize unnecessary expense, and avoid confusion.  There are a number of other motions pending in the Debtors' chapter 11 cases, and allowing joint administration will ease the Debtors' entry into chapter 11.

**II.    JOINT ADMINISTRATION SHOULD BE AUTHORIZED.**

Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that Mag LLC is the direct parent of each of the other Debtors.

Joint administration is generally noncontroversial, and courts in this district routinely grant joint administration in chapter 11 cases.  *See, e.g.*, *In re Wagstaff Minnesota, Inc.*, No. 11-43073 (RJK) (Bankr. D. Minn. May 5, 2011) [ECF No. 38]; *In re Genmar Holdings, Inc.*, No. 09-43537 (DDO) (Bankr. D. Minn. June 4, 2009) [ECF No. 19]; *In re Polaroid Corp.*, No. 08-46617 (GFK) (Bankr. D. Minn. Dec. 23, 2008) [ECF No. 21].

On the date hereof, the Debtors commenced the five chapter 11 cases referenced above by filing petitions for voluntary relief with this Court.  Given the provisions of the Bankruptcy

Code and the Debtors' affiliation, joint administration of these cases is warranted and will provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Many of the motions, hearings and orders in these chapter 11 cases will affect each Debtor and their respective estates. The rights of creditors will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor can still file its claim against a particular estate. In fact, all creditors will benefit from the reduced costs that will result from the joint administration of these chapter 11 cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the U.S. Trustee for the District of Minnesota will be simplified.

## **CONCLUSION**

For the foregoing reasons, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion.

| | |
|---|---|
| Dated: May 5, 2015 | FREDRIKSON & BYRON, P.A.<br><br>*/e/ Clinton Cutler*<br>Clinton E. Cutler (#158094)<br>James C. Brand (#387362)<br>Sarah M. Olson (#390238)<br>200 South Sixth Street, Suite 4000<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 492-7000<br>Facsimile:  (612) 492-7077<br>ccutler@fredlaw.com<br>jbrand@fredlaw.com<br>solson@fredlaw.com<br><br>*Proposed Local Counsel to the Debtors and Debtors in Possession*<br><br>– and –<br><br>DAVIS POLK & WARDWELL LLP<br>Marshall S. Huebner (NY #2601094)<br>Damian S. Schaible (NY #4086864)<br>Michelle M. McGreal (NY #4599031)<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile:  (212) 607-7983<br>marshall.huebner@davispolk.com<br>damian.schaible@davispolk.com<br>michelle.mcgreal@davispolk.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Magnetation LLC,<br>　　　　Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC,<br>　　　　Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp.,<br>　　　　Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC,<br>　　　　Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC,<br>　　　　Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING AND
(II) AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of Magnetation LLC ("**Mag LLC**") and its subsidiaries, as debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), for an order pursuant to Bankruptcy Rule 1015(b), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, as more fully described in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

1408 and 1409; and due and proper notice of the Motion having been provided; and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted, including the request for expedited relief.

2. Pursuant to Bankruptcy Rule 1015(b), the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 15-50307.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

4. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MAGNETATION LLC,** *et al.*, | **Case No. 15-50307 (GFK)** |
| **Debtors.**[2] | **(Jointly Administered)** |

---

[1] **The Debtors are Magnetation LLC (Case No. 15-50307); Mag Lands, LLC (Case No. 15-50308); Mag Finance Corp. (Case No. 15-50309); Mag Mining, LLC (Case No. 15-50310); and Mag Pellet LLC (Case No. 15-50311).**

5. A docket entry shall be made in each of the above-captioned cases, other than that of Mag LLC, substantially as follows:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Magnetation LLC, Mag Lands, LLC, Mag Finance Corp., Mag Mining, LLC and Mag Pellet LLC. The docket in Case No. 15-50307 (GFK) should be consulted for all matters affecting this case.

6. The Debtors may file their monthly operating reports required by the "Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees," issued by the U.S. Trustee, on a consolidated basis.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

---

[2] The Debtors are Magnetation LLC, Mag Lands, LLC, Mag Finance Corp., Mag Mining, LLC and Mag Pellet LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

8.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9.      Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:

                                          The Honorable Gregory F. Kishel
                                          Chief United States Bankruptcy Judge