UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Magnetation LLC,<br>　　　　Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC,<br>　　　　Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp.,<br>　　　　Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC,<br>　　　　Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC,<br>　　　　Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**NOTICE OF HEARING AND JOINT MOTION FOR AN ORDER
(I) GRANTING AN EXPEDITED HEARING AND
(II) MODIFYING THE BAR DATE FOR FILING PROOFS OF CLAIM**

TO: The parties in interest as defined in Local Rule 9013-3(a)(2).

1. Magnetation LLC ("**Mag LLC**") and its subsidiaries, as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), file this motion (this "**Motion**") requesting the relief described below, and give notice of hearing.

2. The Court will hold a hearing on the Motion at 10:00 a.m. (prevailing Central time) on May 7, 2015 in Courtroom No. 2A, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3. Local Rule 9006-1(c) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought herein, the Debtors do not object to written responses being served and filed up to two hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. On May 5, 2015 (the "**Petition Date**"), each of the above-captioned Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"). The cases are currently pending in this Court.

5. This Motion arises under sections 105(a) and 501 of the Bankruptcy Code and Bankruptcy Rules 2002, 2003 and 3003(c). This motion is filed under Local Rules 9013-1, 9013-2 and 9013-3. Notice of the hearing on this Motion is provided pursuant to Bankruptcy Rule 9013 and Local Rules 9013-2(b) and 9013-3.

6. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed.

7. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, which is incorporated herein by reference. Facts specific to the relief requested herein are set forth in the relevant sections below.

**RELIEF REQUESTED**

8. By this Motion, and pursuant to sections 105(a) and 501 of the Bankruptcy Code, the Debtors seek entry of an order substantially in the form filed herewith: (a) setting July 15,

2015 at 5:00 p.m. (prevailing Central time) as the bar date (the "**Proposed Bar Date**") by which proofs of claim must be received from each person or entity, other than any governmental unit (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**"), in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, without limitation, claims entitled to priority under section 503(b)(9) of the Bankruptcy Code and (b) granting related relief.

## FACTS SUPPORTING THE MOTION

9.      The Debtors have filed various motions seeking relief to aid in their transition to debtors in possession and support their chapter 11 reorganization efforts, including a motion seeking authorization to obtain postpetition financing (the "**DIP Motion**").  The proposed order granting the DIP Motion (the "**DIP Order**") sets forth certain milestones that, if the Debtors do not meet, constitute events of default under the Debtors' proposed postpetition credit facility (the "**DIP Facility**").  Any such default could have disastrous consequences for the Debtors' reorganization efforts and their numerous stakeholders.  The milestones set forth in the DIP Order were the subject of lengthy, vigorous and arm's-length negotiations between the Debtors and their proposed DIP lenders.  As set forth more fully in the DIP Motion, the Debtors believe that the DIP Facility will provide them with the liquidity necessary to fund these chapter 11 cases, as well as their operations.  The Debtors have determined that entering into the DIP Facility is in the best interests of their estates, allowing the Debtors to preserve going concern value and pursue a successful reorganization.

10.     Specifically, the DIP Order provides that the Debtors must file a plan of reorganization and a disclosure statement in a form acceptable to the Required Lenders (as defined in the DIP Motion) on or before the 90th day after the Petition Date (DIP Order ¶ 20(f)).

To meet this milestone, the Debtors must have an opportunity to review and analyze all of the non-Governmental Unit proofs of claim filed in these cases in advance of filing a plan and disclosure statement. The DIP Order also includes a milestone that requires the Debtors to obtain court approval of their disclosure statement within 120 days after the Petition Date (DIP Order ¶ 20(g)). Accordingly, the Proposed Bar Date would give the Debtors an opportunity to examine the proofs of claim filed in these cases and formulate an appropriate plan and disclosure statement that takes into account all such filed claims.

11. The Debtors submit that the Proposed Bar Date is appropriate under the circumstances. As discussed further in the DIP Motion, the Debtors have agreed to the principal terms of a plan of reorganization with holders of more than 70% of their prepetition senior secured notes and seek to move expeditiously through their chapter 11 cases for the benefit of their employees, customers, suppliers, creditors and other parties in interest.

## REQUEST FOR EXPEDITED RELIEF

12. Cause exists for expedited relief on this matter. As described herein, the Debtors are required under the DIP Facility to file their plan and disclosure statement on or before the 90th day after the Petition Date. Expedited relief is necessary for the Debtors to have certainty that they can meet the milestones set forth in the DIP Facility, while at the same time giving creditors sufficient notice of the deadline for filing proofs of claim.

13. Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary, call Joseph A. Broking, Chief Financial Officer of Magnetation LLC, an authorized representative of the Debtors, to testify at the hearing on the Motion regarding the facts set out herein. The witness's business address is 102 NE 3rd Street, Suite 120, Grand Rapids, Minnesota 55744.

## NO PREVIOUS REQUEST

14.   No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors request entry of an order:

A.   granting expedited relief;

B.   setting July 15, 2015 at 5:00 p.m. (prevailing Central time) as the deadline by which proofs of claim must be received from each person or entity, other than any Governmental Units, in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, without limitation, claims entitled to priority under section 503(b)(9) of the Bankruptcy Code;

C.   directing the Clerk of Court to indicate on the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Deadlines in this case that the deadline for filing proofs of claim is July 15, 2015 at 5:00 p.m. (prevailing Central time); and

D.   granting such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated:  May 5, 2015 | FREDRIKSON & BYRON, P.A. |
| | |
| | */e/ Clinton E. Cutler*  |
| | Clinton E. Cutler (#158094) |
| | James C. Brand (#387362) |
| | Sarah M. Olson (#390238) |
| | 200 South Sixth Street, Suite 4000 |
| | Minneapolis, Minnesota 55402 |
| | Telephone:  (612) 492-7000 |
| | Facsimile:   (612) 492-7077 |
| | ccutler@fredlaw.com |
| | jbrand@fredlaw.com |
| | solson@fredlaw.com |
| | |
| | *Proposed Local Counsel to the Debtors and Debtors in Possession* |
| | |
| | – and – |
| | |
| | DAVIS POLK & WARDWELL LLP |
| | Marshall S. Huebner (NY #2601094) |
| | Damian S. Schaible (NY #4086864) |
| | Michelle M. McGreal (NY #4599031) |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | Telephone: (212) 450-4000 |
| | Facsimile:   (212) 701-5800 |
| | marshall.huebner@davispolk.com |
| | damian.schaible@davispolk.com |
| | michelle.mcgreal@davispolk.com |
| | |
| | *Proposed Counsel to the Debtors and Debtors in Possession* |

## VERIFICATION

I, Joseph A. Broking, Chief Financial Officer of Magnetation LLC, based upon my personal information and belief, declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: ____May 5____, 2015        Signed: _____
                                             Joseph A. Broking

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Magnetation LLC, <br>     Debtor. | Case No. 15-50307 <br> Chapter 11 Case |
| Mag Lands, LLC, <br>     Debtor. | Case No. 15-50308 <br> Chapter 11 Case |
| Mag Finance Corp., <br>     Debtor. | Case No. 15-50309 <br> Chapter 11 Case |
| Mag Mining, LLC, <br>     Debtor. | Case No. 15-50310 <br> Chapter 11 Case |
| Mag Pellet LLC, <br>     Debtor. | Case No. 15-50311 <br> Chapter 11 Case |

**MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER
(I) GRANTING AN EXPEDITED HEARING AND
(II) MODIFYING THE BAR DATE FOR FILING PROOFS OF CLAIMS**

Magnetation LLC ("**Mag LLC**") and each of its subsidiaries that are debtors and debtors in possession in these chapter 11 cases (the "**Debtors**") submit this memorandum of law in support of the motion submitted herewith (the "**Motion**") in accordance with Local Rule 9013-2(a). The Debtors seek the entry of an order substantially in the form filed herewith (a) setting July 15, 2015 at 5:00 p.m. (prevailing Central time) as the bar date (the "**Bar Date**") by which proofs of claim must be received from each person or entity, other than any governmental unit (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**"), that files a proof of claim in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, without limitation, claims entitled to priority under section 503(b)(9) of the Bankruptcy Code and (b) granting related relief. This relief will assist the

Debtors as they strive to satisfy the relevant milestone in the DIP Order and move expeditiously through their reorganization.

## BACKGROUND

The supporting facts are set forth in the Motion, verified by Joseph A. Broking, Chief Financial Officer of Magnetation LLC. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

## LEGAL ANALYSIS

**I.     THE DEBTORS' REQUEST FOR EXPEDITED RELIEF SHOULD BE GRANTED.**

Cause exists for granting expedited relief on this matter. As described herein and in the Motion, in order to comply with the milestones set forth in the DIP Order, the Debtors must file their plan and disclosure statement by the 90th day after the Petition Date and must obtain court approval of their disclosure statement by the 120th day after the Petition Date. Expedited relief is necessary for the Debtors to have greater certainty that they can meet these milestones, while giving creditors sufficient notice of the bar date for filing proofs of claim.

**II.    SETTING THE BAR DATE AS JULY 15, 2015 IS APPROPRIATE GIVEN THE FACTS AND CIRCUMSTANCES OF THIS CASE.**

Local Rule 3002-1 sets the date to submit a proof of claim as 90 days after the first date set for the meeting of creditors. However, this Court has authority pursuant to Local Rule 9029-1 to suspend the requirements of a Local Rule for good cause. This Court has modified Local Rule 3002-1 in at least one other case. *See, e.g.*, *In re Archdiocese of Saint Paul and Minneapolis*, No. 15-30125 (RJK) (Bankr. D. Minn. Jan. 20, 2015) [ECF No. 48]. Further, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C.

§ 105(a). Here, good cause exists to shorten the time period in which to file proofs of claim. If the Debtors do not file a plan and disclosure statement by the 90th day after the Petition Date and obtain court approval of their disclosure statement by the 120th day after the Petition Date, they would be in default under the DIP Facility and could lose the crucial liquidity that it provides. In order to satisfy these important milestones, the Debtors are requesting an accelerated bar date that would allow them sufficient time to formulate a disclosure statement and plan of reorganization, while still providing creditors sufficient notice and time to file proofs of claim. The Debtors do not believe that creditors will be harmed by the shortened time period for filing proofs of claim. To the contrary, the Debtors believe that the Proposed Bar Date will help expedite the Debtors' reorganization process for the benefit of all creditors and parties in interest.

## **CONCLUSION**

For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested in the Motion.

Dated: May 5, 2015 FREDRIKSON & BYRON, P.A.

*/e/ Clinton E. Cutler*
Clinton E. Cutler (#158094)
James C. Brand (#387362)
Sarah M. Olson (#390238)
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077
ccutler@fredlaw.com
jbrand@fredlaw.com
solson@fredlaw.com

*Proposed Local Counsel to the Debtors
and Debtors in Possession*

– and –

DAVIS POLK & WARDWELL LLP
Marshall S. Huebner (NY #2601094)
Damian S. Schaible (NY #4086864)
Michelle M. McGreal (NY #4599031)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
marshall.huebner@davispolk.com
damian.schaible@davispolk.com
michelle.mcgreal@davispolk.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Magnetation LLC,<br>    Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC,<br>    Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp.,<br>    Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC,<br>    Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC,<br>    Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING AND (II) SETTING A BAR DATE**

Upon the motion (the "**Motion**")[1] of Magnetation LLC and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") pursuant to sections 105(a) and 501 of the Bankruptcy Code, setting the bar date as July 15, 2015 as more fully described in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to parties in interest as specified in Local Rule 9013-3(a)(2),

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined, that immediate relief is necessary to avoid irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    IT IS ORDERED:

    1.    The Motion is granted, including the request for expedited relief.

    2.    All persons and entities, other than any Governmental Units, that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against any Debtor that arose prior to the Petition Date, shall submit a proof of claim in writing so that it is actually received by 5:00 p.m. (prevailing Central time) on or prior to July 15, 2015.

    3.    The Clerk of Court is directed to indicate on the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Deadlines in this case that the deadline for filing proofs of claim by any person or entity other than a Governmental Unit is 5:00 p.m. (prevailing Central time) on July 15, 2015.

Dated:

    The Honorable Gregory F. Kishel
    Chief United States Bankruptcy Judge

2