UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**NOTICE OF HEARING AND JOINT MOTION FOR AN ORDER (I) GRANTING AN
EXPEDITED HEARING, (II) AUTHORIZING THE DEBTORS TO CONTINUE AND
RENEW THEIR LIABILITY, PROPERTY, CASUALTY AND OTHER INSURANCE
PROGRAMS AND HONOR ALL OBLIGATIONS IN RESPECT THEREOF AND
(III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
RELATED CHECKS AND TRANSFERS**

TO:     The parties in interest as specified in Local Rule 9013-3(a)(2).

1.     Magnetation LLC ("**Mag LLC**") and its subsidiaries, as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), file this motion (this "**Motion**") requesting the relief described below and give notice of hearing.

2.     The Court will hold a hearing on the Motion at 10:00 a.m. (prevailing Central time) on May 7, 2015 in Courtroom No. 2A, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.     Local Rule 9006-1(c) provides deadlines for responses to this Motion.  However, given the expedited nature of the relief sought herein, the Debtors do not object to written responses being served and filed up to two hours prior to the hearing.  **UNLESS A RESPONSE**

OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE
MOTION WITHOUT A HEARING.

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157
and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")
and Local Rule 1070-1.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is
proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  On May 5, 2015 (the
"**Petition Date**"), each of the above-captioned Debtors commenced with this Court a voluntary
case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the
"**Bankruptcy Code**").  The cases are currently pending in this Court.

5.      This Motion arises under sections 105(a), 363(b)(1) and 363(c)(1) of the
Bankruptcy Code.  This Motion is filed under Local Rules 9013-1, 9013-2 and 9013-3.  Notice
of the hearing on this Motion is provided pursuant to Bankruptcy Rule 9013 and Local
Rules 9013-2(b) and 9013-3.

6.      Contemporaneously herewith, the Debtors have filed a motion requesting joint
administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are
authorized to operate their businesses and manage their properties as debtors in possession
pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have
been appointed..

7.      Additional information about the Debtors' businesses and the events leading up to
the Petition Date can be found in the Declaration of Joseph A. Broking, Chief Financial Officer
of Magnetation LLC, which is incorporated herein by reference.  Facts specific to the relief
requested herein are set forth in the relevant sections below.

## RELIEF REQUESTED

8.      By this Motion pursuant to sections 105(a), 363(b)(1) and 363(c)(1) of the Bankruptcy Code, the Debtors seek entry of a final order substantially in the form filed herewith (a) granting an expedited hearing, (b) authorizing the Debtors to continue and renew the Insurance Programs (defined below) on an uninterrupted basis and in accordance with the same practices and procedures as were in effect before the Petition Date and (c) authorizing all applicable banks and other financial institutions to honor and process related checks and transfers.  This would include (i) paying all amounts arising under the Insurance Programs or the financing thereof (the "**Insurance Obligations**") whether due and payable before or after the Petition Date and (ii) renewing or obtaining new insurance policies as needed in the ordinary course of business.  If the requested relief is not granted and the Insurance Programs lapse or terminate, the Debtors may well be unable to continue large portions of their operations, thereby endangering the Debtors' successful reorganization and substantially harming all creditors.

## THE DEBTORS' INSURANCE PROGRAMS

9.      In the ordinary course of the Debtors' businesses, the Debtors maintain various liability, casualty, property and other insurance and reinsurance and risk control programs (the "**Insurance Programs**") through several private insurance carriers (the "**Insurance Carriers**"). A summary of the Debtors' principal Insurance Programs is set forth on Exhibit A attached hereto.[1]

10.     The Insurance Programs include coverage for, among other things, personal injury, property damage, pollution, operation of vehicles, railroad, business interruption, breach

---

[1] Due to the breadth of the Debtors' businesses, the Debtors may have certain current Insurance Programs not reflected on Exhibit A.  The failure of the Debtors to include a particular insurance policy on Exhibit A shall not operate to exclude that policy from the coverage of this Motion or any order entered in connection with this Motion.

of duty by officers or directors and various other property-related and general liabilities.  All of the Insurance Programs referenced above are essential to the ongoing operation of the Debtors' businesses.    In addition to the Insurance Programs, the Debtors maintain a workers' compensation policy.

11.    As part of its Insurance Programs, Mag LLC funds a director and officer insurance policy that covers directors and officers of the Debtors and Magnetation, Inc. Additionally, Mag LLC funds the workers' compensation policy for the employees provided by Magnetation, Inc. pursuant to a management services agreement between the parties.[2]

12.    The Debtors use the services of Itasca Reliable Insurance Agency of Grand Rapids and Aon Risk Solutions to assist them with the procurement and management of the Insurance Programs (together, the "**Brokers**").  The Debtors do not pay the Brokers a fee for the services; instead, the Brokers receive a commission (the "**Commission**") on policy premiums that is included in the premiums.  The total annual Commission payable for the Debtors' current insurance policies is approximately $267,000.

13.    The premiums for the Insurance Programs (the "**Insurance Premiums**") are generally determined annually, with a few exceptions for policies that have three-year terms. The Debtors pay the Insurance Premiums at inception and/or renewal as required by the carrier or via installments through the policy term directly through the Brokers.  Insurance Premiums

---

[2] Management, corporate and administrative employees are provided to the Debtors by Magnetation, Inc. pursuant to a management services agreement between the parties.  Contemporaneously herewith the Debtors have filed a motion to authorize the Debtors to continue to honor the management services agreement and prepetition obligations related thereto.  A detailed discussion of the management services agreement is set forth in the Notice of Hearing and Joint Motion for an Order (i) Granting an Expedited Hearing, (ii) Authorizing Debtors to (a) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation, (b) Maintain Employee Benefits Programs and Pay Related Administrative Obligations and (c) Honor Management Services Agreement and Pay Prepetition Obligations Related Thereto, (iii) Authorizing Magnetation Employees to Proceed With Outstanding Workers' Compensation Claims and (iv) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers.

under the Insurance Programs will aggregate approximately $2 million annually, including workers' compensation.[3]  The Debtors believe that all material Insurance Premiums that were due and payable on or prior to the Petition Date have been fully paid.

14.    Pursuant to the Insurance Programs, the Debtors may be required to pay various deductibles or retention amounts (the "**Insurance Deductibles**"), depending upon the type of claim and insurance policy involved.   The Debtors believe that pursuant to the Insurance Programs, losses are paid by the insurance company less the amount of any applicable deductible.   However, in the event that any Insurance Carrier pays claimants and then invoices the Debtors for any Insurance Deductible and the Insurance Carrier thereby has a prepetition claim, the Debtors seek authority to pay such claim.   As of the Petition Date, the Debtors do not believe there are any material prepetition obligations owed to Insurance Carriers relating to Insurance Deductibles but, out of an abundance of caution, the Debtors seek authority to satisfy any such prepetition obligations.

### CONTINUING THE INSURANCE PROGRAMS AND PAYING ALL INSURANCE OBLIGATIONS IS NECESSARY
### TO PRESERVE THE VALUE OF THE DEBTORS' ESTATES

15.    The nature of the Debtors' businesses makes it essential for the Debtors to maintain their Insurance Programs on an ongoing and uninterrupted basis.   The non-payment of any premiums, deductibles or related fees under the Insurance Programs could result in one or more of the Insurance Carriers terminating or declining to renew their insurance policies or

---

[3] A detailed discussion of the Debtors' workers' compensation policy is set forth in the Notice of Hearing and Joint Motion for an Order (i) Granting an Expedited Hearing, (ii) Authorizing Debtors to (a) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation, (b) Maintain Employee Benefits Programs and Pay Related Administrative Obligations and (c) Honor Management Services Agreement and Pay Prepetition Obligations Related Thereto, (iii) Authorizing Magnetation Employees to Proceed With Outstanding Workers' Compensation Claims and (iv) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers.

refusing to enter into new insurance policies with the Debtors in the future.  If any of the Insurance Programs lapse without renewal, the Debtors could be exposed to substantial liability for personal and/or property damages, to the detriment of all parties in interest.

16.    As a prerequisite for operations, governmental agencies require the Debtors to maintain certain Insurance Programs.  Also, pursuant to the terms of certain of the Debtors' financing agreements, the Debtors are obligated to remain current with respect to certain of their primary Insurance Programs.  Thus, in order for the Debtors to maintain their operations in compliance with various legal and contractual obligations, the Debtors must be able to continue their Insurance Programs without disruption.

17.    To the extent any Insurance Program or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, the Debtors do not, at this time, seek to assume the same.  Accordingly, if the Court authorizes the payments described above, such payments should not be deemed to constitute postpetition assumption, reaffirmation or adoption of the programs, policies or agreements as executory contracts pursuant to section 365 of the Bankruptcy Code.

**REQUEST FOR AUTHORITY FOR FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

18.    The Debtors also request that, subject to any order approving the Debtors' postpetition financing facility (the "**DIP Order**"), all applicable banks and other financial institutions be authorized to receive, process, honor and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the claims that the Debtors request authority to pay in this Motion, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date; *provided*, *however*, that (a) funds are available in the Debtors' accounts to cover the checks and fund transfers and (b) all

the banks and other financial institutions are authorized to rely on the Debtors' designation of any particular check as approved by the attached proposed order.

## REQUEST FOR EXPEDITED RELIEF

19.    The Debtors request expedited relief on this Motion.  The Debtors have scheduled and served a number of "first day" motions designed to facilitate an orderly transition to chapter 11.  The granting of this Motion on an expedited basis will enable the Debtors to remain current on their outstanding insurance obligations.  If the requested relief is not granted and the Insurance Programs lapse or terminate, the Debtors may well be unable to continue large portions of their operations, thereby endangering the Debtors' successful reorganization and substantially harming all creditors.

20.    Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a memorandum of law, proposed order and proof of service.

21.    Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary, call Joseph A. Broking, Chief Financial Officer of Magnetation LLC, an authorized representative of the Debtors, to testify at the hearing on the Motion regarding the facts set out herein.   The witness's business address is 102 NE 3rd Street, Suite 120, Grand Rapids, Minnesota 55744.

## REQUEST FOR WAIVER OF STAY

22.    In addition, by this Motion, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the Debtors require immediate relief to continue ordinary business operations for the benefit of all parties in interest.  Accordingly, the Debtors submit that ample cause exists to

justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## NO PREVIOUS REQUEST

23.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors request entry of an order:

A.    granting an expedited hearing;

B.    authorizing the Debtors to continue and renew their liability, property, casualty and other insurance programs and honor all obligations in respect thereof;

C.    authorizing all applicable banks and other financial institutions to honor and process related checks and transfers; and

D.    granting such other relief as the Court deems just and equitable.

Dated:  May 5, 2015                          FREDRIKSON & BYRON, P.A.

                                             */e/ Clinton Cutler*
                                             Clinton E. Cutler (#158094)
                                             James C. Brand (#387362)
                                             Sarah M. Olson (#390238)
                                             200 South Sixth Street, Suite 4000
                                             Minneapolis, Minnesota 55402
                                             Telephone: (612) 492-7000
                                             Facsimile:  (612) 492-7077
                                             ccutler@fredlaw.com
                                             jbrand@fredlaw.com
                                             solson@fredlaw.com

                                             *Proposed Local Counsel to the Debtors*
                                             *and Debtors in Possession*

                                             – and –

                                             DAVIS POLK & WARDWELL LLP
                                             Marshall S. Huebner (NY #2601094)
                                             Damian S. Schaible (NY #4086864)
                                             Michelle M. McGreal (NY #4599031)
                                             450 Lexington Avenue
                                             New York, New York 10017
                                             Telephone: (212) 450-4000
                                             Facsimile:  (212) 607-7983
                                             marshall.huebner@davispolk.com
                                             damian.schaible@davispolk.com
                                             michelle.mcgreal@davispolk.com

                                             *Proposed Counsel to the Debtors*
                                             *and Debtors in Possession*

## <u>VERIFICATION</u>

I, Joseph A. Broking, Chief Financial Officer of Magnetation LLC, based upon my personal information and belief, declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated:  <u>May 5        </u>, 2015        Signed: _____

                                                          Joseph A. Broking

**EXHIBIT A**

| Coverage | Underwriter | Policy Number | Policy Term | Limits |
|---|---|---|---|---|
| **I. Executive Risk** | | | | |
| Directors & Officer/Employment Practices Liability/Fiduciary | AIG National Union Fire | 87665792 | 03/27/15-03/27/16 | D&O (shared w/EPL): $5,000,000; Fiduciary: $1,000,000 |
| Excess D&O Liability, EPL | AXIS Insurance Co | Pending | 03/27/15-03/27/16 | Excess D&O, EPL: $5,000,000 |
| ERISA | Travelers | 106071282 | 03/06/14-03-06/17 | $500,000 |
| **II. Property/Cargo** | | | | |
| Property | Zurich | ERP0151200 | 09/02/14-09/02/15 | Loss Limit: $600,000,000; Mobil Equipment: $30,000,000 |
| Rolling Stock | XLX Specialty Ins. Co. | UM00031145M | 09/02/14-09/02/15 | Catastrophe Limit: $14,500,000 |
| **III. Casualty** | | | | |
| Automobile | AIG | CA3632326 | 09/02/14-09/02/15 | CSL: $1,000,000 |
| General Liability | AIG | GL1903291 | 09/02/14-09/02/15 | General Aggregate: $2,000,000; Each Occurrence: $1,000,000 |
| Worker's Compensation | AIG | WC019177761 | 09/02/14-09/02/15 | $1,000,000 |
| **IV. Other** | | | | |
| Pollution Legal Liability Water Slurry Pipeline | AIG | PLS14361819 | 08/01/14-08/01/17 | Aggregate: $10,000,000 |
| Pollution Legal Liability Mesabi Chief Tailing Basin 1&2 | AIG | PLS14542342 | 12/03/14-08/01/17 | $5,000,000 |
| Railroad Liability | Arch | SLR00461060 | 09/06/14-09/02/15 | Each Occurrence: $10,000,000; Annual Aggregate: $20,000,000 |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR AN ORDER
(I) GRANTING AN EXPEDITED HEARING, (II) AUTHORIZING THE DEBTORS TO
CONTINUE AND RENEW THEIR LIABILITY, PROPERTY, CASUALTY AND
OTHER INSURANCE PROGRAMS AND HONOR ALL OBLIGATIONS IN RESPECT
THEREOF AND (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND
PROCESS RELATED CHECKS AND TRANSFERS**

Magnetation LLC ("**Mag LLC**") and each of its subsidiaries that are debtors and debtors in possession in these chapter 11 cases (the "**Debtors**") submit this memorandum of law in support of the motion submitted herewith (the "**Motion**") in accordance with Local Rule 9013-2(a). The Debtors seek the entry of an order substantially in the form filed herewith granting an expedited hearing and authorizing the Debtors to maintain, continue and renew the Insurance Programs on an uninterrupted basis and in accordance with the same practices and procedures as were in effect before the Petition Date. The Motion should be granted because the Debtors have a compelling business justification for payment of these obligations.

## BACKGROUND

The supporting facts are set forth in the Motion, verified by Joseph A. Broking, Chief Financial Officer of Magnetation LLC.  All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

## LEGAL ANALYSIS

### I.    THE DEBTORS' REQUEST FOR EXPEDITED RELIEF SHOULD BE GRANTED.

The Debtors request expedited relief on the Motion.  Bankruptcy Rule 9006(c) provides that the Court may reduce the notice period for a Motion "for cause shown."  Cause exists here to grant the Motion on an expedited basis.  The granting of this Motion on an expedited basis will enable the Debtors to remain current on their outstanding insurance obligations.  In order for the Debtors to maintain their operations in compliance with various legal and contractual obligations, the Debtors must be able to continue their Insurance Programs without disruption.  If the requested relief is not granted and the Insurance Programs lapse or terminate, the Debtors may well be unable to continue large portions of their operations, thereby endangering the Debtors' successful reorganization and substantially harming all creditors.  Accordingly, expedited relief requested is necessary to avoid immediate and irreparable harm.

### II.    THE COURT HAS AUTHORITY TO APPROVE POSTPETITION PAYMENT OF PREPETITION INSURANCE OBLIGATIONS.

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a

2

novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

"Courts have used their equitable power under section 105(a) of the Code to authorize the

payment of prepetition claims when such payment is deemed necessary to the survival of a

debtor in a chapter 11 reorganization." *In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del.

1999).

In a long line of well-established cases, federal courts have consistently permitted

postpetition payment of prepetition obligations where necessary to preserve or enhance the value

of a debtor's estate for the benefit of all creditors. *See, e.g.*, *Miltenberger v. Logansport Ry.*, 106

U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent

"stoppage of [crucial] business relations"); *In re Payless Cashways, Inc.*, 268 B.R. 543, 546

(Bankr. W.D. Mo. 2001); *In re Lehigh and N.E. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981); *In re

Just for Feet, Inc.*, 242 B.R. at 825 ("The Supreme Court, the Third Circuit and the District of

Delaware all recognize the court's power to authorize payment of prepetition claims when such

payment is necessary for the debtor's survival during chapter 11.").

This "doctrine of necessity" functions in a chapter 11 reorganization as a mechanism by

which the bankruptcy court can exercise its equitable power to allow payment of critical

prepetition claims not explicitly authorized by the Bankruptcy Code. *See In re Boston & Me.

Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to

authorize trustees to pay claims for goods and services that are indispensably necessary to the

debtors' continued operation); *In re Payless Cashways, Inc.*, 268 B.R. at 546; *In re Just for Feet,

Inc.*, 242 B.R. at 824 ("While the doctrine [of necessity] was not codified in the Bankruptcy

Code, courts have used their equitable power under Section 105(a) of the Code to authorize the

payment of prepetition claims . . . ."); *In re United Am., Inc.*, 327 B.R. 776, 781 (Bankr. E.D. Va.

3

2005) (recognizing the doctrine of necessity as an equitable doctrine).  The doctrine is frequently

invoked early in a reorganization, particularly in connection with those chapter 11 sections that

relate to payment of prepetition claims.  The court in *In re Structurelite Plastics Corp.*, 86 B.R.

922, 931 (Bankr. S.D. Ohio 1988) indicated its accord with "the principle that a bankruptcy court

may exercise its equity powers under section 105(a) to authorize payment of prepetition claims

where such payment is necessary to 'permit the greatest likelihood of survival of the debtor and

payment of creditors in full or at least proportionately.'"  The court stated that "a *per se* rule

proscribing the payment of prepetition indebtedness may well be too inflexible to permit the

effectuation of the rehabilitative purposes of the Code." *Id.* at 932.  Accordingly, pursuant to

section 105(a) of the Bankruptcy Code, this Court is empowered to grant the relief requested

herein.

## III.   POSTPETITION PAYMENT OF INSURANCE OBLIGATIONS IS APPROPRIATE IN THESE CASES.

Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow the debtor to

"use, sell, or lease, other than in the ordinary course of business, property of the estate."   11

U.S.C. § 363(b)(1).  Debtors' decisions to use, sell or lease assets outside the ordinary course of

business must be based upon the sound business judgment of the debtor.  *In re Montgomery

Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *see also In re Chateaugay Corp.*, 973

F.2d 141, 143 (2d Cir. 1992) (holding that a judge determining a section 363(b) application must

find from the evidence presented before him or her a good business reason to grant such

application); *In re Trilogy Dev. Co., LLC*, 2010 Bankr. LEXIS 5636, at *3-4 (Bankr. W.D. Mo.

2010); *In re Channel One Comm., Inc.*, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990) (citing

*Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir.

1983)); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 674 (Bankr. S.D.N.Y. 1989) (noting the standard for determining a section 363(b) motion is "a good business reason").

Courts emphasize that the business judgment rule is not an onerous standard and may be satisfied "'as long as the proposed action *appears* to enhance the debtor's estate.'" *Crystalin, LLC v. Selma Props. Inc. (In re Crystalin, LLC)*, 293 B.R. 455, 463-64 (B.A.P. 8th Cir. 2003) (quoting *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 566 n.16 (8th Cir. 1997) (emphasis original, internal alterations and quotations omitted)); *see also In re AbitibiBowater*, 418 B.R. 815, 831 (Bankr. D. Del. 2009) (the business judgment standard is "not a difficult standard to satisfy"). Under the business judgment rule, "management of a corporation's affairs is placed in the hands of its board of directors and officers, and the Court should interfere with their decisions only if it is made clear that those decisions are, *inter alia*, clearly erroneous, made arbitrarily, are in breach of the officers' and directors' fiduciary duty to the corporation, are made on the basis of inadequate information or study, are made in bad faith, or are in violation of the Bankruptcy Code." *In re Farmland Indus., Inc.*, 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003) (citing *In re United Artists Theatre Co.*, 315 F.3d 217, 233 (3d Cir. 2003), *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303 (5th Cir. 1985) and *In re Defender Drug Stores, Inc.*, 145 B.R. 312, 317 (B.A.P. 9th Cir. 1992)).

The Debtors submit that the requested relief represents a sound exercise of the Debtors' business judgment and is justified under sections 105(a) and 363(b) of the Bankruptcy Code and that *all* of the Debtors' creditors will benefit if the requested relief is granted. Additionally, any prepetition amounts that the Debtors may pay in respect of the Insurance Programs are extremely small in light of the size of the Debtors' estates and benefits to be derived therefrom. Therefore,

the Debtors submit that the continuation of the Insurance Programs and the payment of all prepetition and postpetition Insurance Obligations arising thereunder is essential to preserve the Debtors' assets and protect against unknowable losses. Further, for the avoidance of doubt, the Debtors are not seeking authority to prepay any of their Insurance Obligations.

Finally, section 363(c)(1) expressly grants the Debtors the authority to "enter into transactions . . . in the ordinary course of business" and "use property of the estate in the ordinary course of business without notice or a hearing." Therefore, the Debtors believe they are permitted to pay all postpetition amounts due pursuant to the Insurance Programs and to renew or obtain new insurance policies as such actions are in the ordinary course of the Debtors' businesses.

Courts in this and other jurisdictions have granted the relief requested herein in other chapter 11 cases. *In re The Archdiocese of Saint Paul and Minneapolis*, No. 15-30125 (RJK) (Bankr. D. Minn. Jan. 21, 2015) [ECF No. 51]; *In re Genmar Holdings, Inc.*, No. 09-43537 (DDO) (Bankr. D. Minn. Aug. 25, 2009) [ECF No. 360]; *In re Bakers Footwear Group, Inc.*, No. 12-49658 (KAS) (Bankr. E.D. Mo. Oct. 9, 2012) [ECF No. 76]; *In re Allied Nev. Gold Corp.*, No. 15-10503 (MFW) (Bankr. D. Del. Apr. 15, 2015) [ECF No. 188]; *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Apr. 14, 2015) [ECF No. 194]; *In re Altegrity, Inc.*, No. 15-10226 (LSS) (Bankr. D. Del. Feb. 10, 2015) [ECF No. 47]; *In re RadioShack Corp.*, No. 15-10197 (BLS) (Bankr. D. Del. Feb. 9, 2015) [ECF No. 163]; *In re Patriot Coal Corp.*, No. 12-12900 (SCC) (Bankr. S.D.N.Y. Aug. 2, 2012) [ECF No. 258]; *In re Pinnacle Airlines Corp.*, No. 12-11343 (REG) (Bankr. S.D.N.Y. Apr. 23, 2012) [ECF No. 190]; *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 9, 2014) [ECF No. 67].

To the extent any Insurance Program or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, the Debtors do not, at this time, seek to assume the same.  Accordingly, if the Court authorizes the payments described above, such payments should not be deemed to constitute postpetition assumption, reaffirmation or adoption of the programs, policies or agreements as executory contracts pursuant to section 365 of the Bankruptcy Code.

## **CONCLUSION**

For the foregoing reasons, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Dated:  May 5, 2015                      FREDRIKSON & BYRON, P.A.

                                          */e/ Clinton Cutler*
                                          Clinton E. Cutler (#158094)
                                          James C. Brand (#387362)
                                          Sarah M. Olson (#390238)
                                          200 South Sixth Street, Suite 4000
                                          Minneapolis, Minnesota 55402
                                          Telephone: (612) 492-7000
                                          Facsimile:  (612) 492-7077
                                          ccutler@fredlaw.com
                                          jbrand@fredlaw.com
                                          solson@fredlaw.com

                                          *Proposed Local Counsel to the Debtors
                                          and Debtors in Possession*

                                          – and –

                                          DAVIS POLK & WARDWELL LLP
                                          Marshall S. Huebner (NY #2601094)
                                          Damian S. Schaible (NY #4086864)
                                          Michelle M. McGreal (NY #4599031)
                                          450 Lexington Avenue
                                          New York, New York 10017
                                          Telephone: (212) 450-4000
                                          Facsimile:  (212) 607-7983
                                          marshall.huebner@davispolk.com
                                          damian.schaible@davispolk.com
                                          michelle.mcgreal@davispolk.com

                                          *Proposed Counsel to the Debtors
                                          and Debtors in Possession*

8

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING, (II) AUTHORIZING THE
DEBTORS TO CONTINUE AND RENEW THEIR LIABILITY, PROPERTY,
CASUALTY AND OTHER INSURANCE PROGRAMS AND HONOR ALL
OBLIGATIONS IN RESPECT THEREOF AND (III) AUTHORIZING FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[1] of Magnetation LLC ("**Mag LLC**") and its subsidiaries as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for (i) an expedited hearing, (ii) authorization to continue their liability, property, casualty and other insurance programs (the "**Insurance Programs**") and pay all obligations in respect thereof pursuant to sections 105(a), 363(b)(1) and 363(c)(1) of the Bankruptcy Code and (iii) authorization of all applicable banks and other financial institutions to receive, process, honor and pay checks or electronic transfers used by the Debtors to pay such obligations, as more fully described in the Motion; and upon consideration of the Declaration of Joseph A.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties in interest as specified in Local Rule 9013-3(a)(2), and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is necessary to avoid immediate and irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1.      Pursuant to sections 105(a), 363(b)(1) and 363(c)(1) of the Bankruptcy Code, the Motion is granted, including the request for expedited relief.

2.      The Debtors are authorized to maintain their Insurance Programs without interruption and in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases.

3.      The Debtors are authorized, but not required, to pay any amounts arising under the Insurance Programs or the financing thereof, whether due and payable before or after the commencement of these chapter 11 cases.

2

4.      The Debtors are authorized, but not required, to renew or obtain new insurance policies or execute other agreements in connection with their Insurance Programs, including, without limitation, upon the expiration or termination of any Insurance Program.

5.      All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Order, whether presented prior to or after the Petition Date, to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

6.      Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Insurance Programs.

7.      To the extent any Insurance Program or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption or reaffirmation of those Insurance Programs or related agreements under section 365 of the Bankruptcy Code.

8.      Nothing in this Order shall be deemed to constitute (a) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (b) a waiver of any rights, claims or defenses of the Debtors.

9.      Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     Notwithstanding anything to the contrary contained herein, (i) any payment to be made, and any authorization contained, hereunder shall be subject to the applicable requirements imposed on the Debtors under the DIP Order and the documentation in respect of the postpetition financing facility (the "**DIP Documents**"), (ii) nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents and (iii) to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

11.     This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.


Dated:                                              _____
                                                    The Honorable Gregory F. Kishel
                                                    Chief United States Bankruptcy Judge


4