UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Magnetation LLC,<br>    Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC,<br>    Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp.,<br>    Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC,<br>    Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC,<br>    Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**NOTICE OF HEARING AND JOINT MOTION FOR ORDER
(I) GRANTING AN EXPEDITED HEARING, (II) GRANTING ADMINISTRATIVE
EXPENSE STATUS TO THE DEBTORS' UNDISPUTED OBLIGATIONS TO
VENDORS ARISING FROM THE POSTPETITION DELIVERY OF GOODS
ORDERED PREPETITION, (III) AUTHORIZING THE DEBTORS TO PAY THOSE
OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND
(IV) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
RELATED CHECKS AND TRANSFERS**

TO:     The parties in interest as specified in Local Rule 9013-3(a)(2).

1.     Magnetation LLC ("**Mag LLC**") and its subsidiaries, as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), file this motion (this "**Motion**") requesting the relief described below and give notice of hearing.

2.     The Court will hold a hearing on the Motion at 10:00 a.m. (prevailing Central time) on May 7, 2015 in Courtroom No. 2A, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.     Local Rule 9006-1(c) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought herein, the Debtors do not object to written responses being served and filed up to two hours prior to the hearing. **UNLESS A RESPONSE**

**OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. On May 5, 2015 (the "**Petition Date**"), each of the above-captioned Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"). The cases are currently pending in this Court.

5. This Motion arises under sections 363(c) and 503(b) of the Bankruptcy Code and is filed under Local Rules 9013-1, 9013-2 and 9013-3. Notice of the hearing on this Motion is provided pursuant to Bankruptcy Rule 9013 and Local Rules 9013-2 and 9013-3.

6. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed.

7. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, which is incorporated herein by reference. Facts specific to the relief requested herein are set forth in the relevant sections below.

**RELIEF REQUESTED**

8. In connection with the normal operation of their businesses, the Debtors rely on numerous vendors and suppliers (the "**Vendors**") to provide the Debtors with mobile equipment

parts and filters, diesel fuel, plant lubricants, plant equipment parts (e.g., bearings, pump parts, conveyor parts, raw material consumables, disc filter bags and parts, REV3 matrix parts and dust control agents) and other goods (collectively, the "**Goods**") for use in the regular operation of the Debtors' businesses. The Goods are generally shipped by Vendors directly to the Debtors' operations as needed.

9. By this Motion, the Debtors seek entry of a final order substantially in the form filed herewith (a) granting an expedited hearing, (b) granting the Vendors administrative priority status under section 503(b) of the Bankruptcy Code for undisputed obligations arising from outstanding prepetition orders for Goods delivered after the Petition Date, (c) authorizing the Debtors to pay such obligations in the ordinary course of business under section 363(c) of the Bankruptcy Code and (d) authorizing all applicable banks and other financial institutions to pay all checks presented for the payment of such obligations.

10. Out of an abundance of caution and to provide clarity to Vendors and prevent harmful delays, the Debtors seek the relief requested herein.

## REQUEST TO PAY OBLIGATIONS ARISING FROM THE POSTPETITION DELIVERY OF GOODS ORDERED BY THE DEBTORS PREPETITION

11. While it is difficult to estimate the total amount due and owing to Vendors under prepetition purchase orders outstanding (the "**Prepetition Orders**") for Goods ordered prepetition for which delivery will not occur until after the Petition Date, the Debtors submit that the total amount to be paid to the Vendors in connection with the Prepetition Orders, if the requested relief is granted, is *de minimis* compared with the importance and necessity of the Goods. Moreover, any related claims are likely administrative in nature in any event. Indeed, even if the Goods had been received in the ordinary course of the Debtors' businesses 20 days *before* the Petition Date, the related claims would have received administrative expense priority

under section 503(b)(9) of the Bankruptcy Code.  The Debtors therefore seek the authority to pay all claims arising from the Prepetition Orders in the ordinary course of business.

12. The relief requested herein is necessary for the successful reorganization of the Debtors' businesses and will help ensure a continuous supply of materials indispensable to the Debtors' operations.  As a consequence of the commencement of these chapter 11 cases, the Vendors may be concerned that Goods purchased before the Petition Date pursuant to the Prepetition Orders that are delivered to the Debtors postpetition will render the Vendors general unsecured creditors of the Debtors' estates as to those shipments.  Accordingly, Vendors may refuse to provide Goods to the Debtors (or may recall shipments thereof) unless the Debtors issue substitute purchase orders postpetition, which would be burdensome and cause delays that would harm the Debtors' businesses.  Accordingly, the Debtors seek the relief requested herein to prevent such delay and harm and to provide clarity and certainty to the Vendors.

13. Further, the Debtors submit that, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of desired and necessary Goods, including Goods ordered prepetition, are in fact administrative expense priority claims in virtually all cases.  Thus, the granting of the relief requested herein likely will not provide the Vendors with any greater priority than they would otherwise have if the relief herein is not granted.  Absent such relief, however, the Debtors may be required to expend substantial time and effort to reissue the Prepetition Orders or even obtain further relief from the Court to provide the Vendors with the assurance of such administrative priority, causing disruption to the Debtors' businesses.

14. The authorization sought herein will not prejudice the Debtors' ability to contest the validity of any invoices, and it will not extend to any amounts that are disputed by the

4

Debtors or that are in respect of Goods that are not received and accepted by the Debtors subsequent to the Petition Date. In addition, the authorization will not constitute postpetition assumption or reaffirmation of any related agreements pursuant to section 365 of the Bankruptcy Code. The Debtors are in the process of reviewing these agreements and reserve all of their rights under the Bankruptcy Code with respect thereto.

### REQUEST FOR AUTHORITY FOR FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

15. The Debtors also request that all applicable banks and other financial institutions be authorized to receive, process, honor and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the claims that the Debtors request authority to pay in this Motion, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date; *provided*, *however*, that: (a) funds are available in the Debtors' accounts to cover the checks and fund transfers and (b) all the banks and other financial institutions are authorized to rely on the Debtors' designation of any particular check as approved by the proposed order filed herewith.

### REQUEST FOR EXPEDITED RELIEF

16. The Debtors request expedited relief on this Motion. The Debtors have scheduled and served a number of "first day" motions designed to facilitate an orderly transition to chapter 11. This is one such motion, and cause exists for expedited relief. If the Debtors are not authorized to pay their Vendors without interruption in the ordinary course of business under section 363(c) of the Bankruptcy Code, the Debtors would suffer immediate and irreparable harm as the Debtors' ability to sustain their day-to-day operations and meet their various obligations, including under their supply agreements, would be damaged and the Debtors' reputations with their counterparties would be impaired.

17. Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a memorandum of law, proposed order and proof of service.

18. Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary, call Joseph A. Broking, Chief Financial Officer of Magnetation LLC, an authorized representative of the Debtors, to testify at the hearing on the Motion regarding the facts set out herein. The witness's business address is 102 NE 3rd Street, Suite 120, Grand Rapids, Minnesota 55744.

## REQUEST FOR WAIVER OF STAY

19. In addition, by this Motion, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth herein, the Debtors require immediate relief to continue ordinary business operations for the benefit of all parties in interest. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## NO PREVIOUS REQUEST

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors request entry of an order:

A. granting an expedited hearing;

B. granting administrative expense status to the Debtors' undisputed obligations to vendors arising from the postpetition delivery of goods ordered prepetition;

C. authorizing the Debtors to pay those obligations in the ordinary course of business;

D. authorizing all applicable banks and other financial institutions to honor and process related checks and transfers; and

E. granting such other relief as the Court deems just and equitable.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

| | |
|---|---|
| Dated:  May 5, 2015 | FREDRIKSON & BYRON, P.A. |
| | |
| | */e/ Clinton Cutler* |
| | Clinton E. Cutler (#158094) |
| | James C. Brand (#387362) |
| | Sarah M. Olson (#390238) |
| | 200 South Sixth Street, Suite 4000 |
| | Minneapolis, Minnesota 55402 |
| | Telephone:  (612) 492-7000 |
| | Facsimile:   (612) 492-7077 |
| | ccutler@fredlaw.com |
| | jbrand@fredlaw.com |
| | solson@fredlaw.com |
| | |
| | *Proposed Local Counsel to the Debtors and Debtors in Possession* |
| | |
| | – and – |
| | |
| | DAVIS POLK & WARDWELL LLP |
| | Marshall S. Huebner (NY #2601094) |
| | Damian S. Schaible (NY #4086864) |
| | Michelle M. McGreal (NY #4599031) |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | Telephone: (212) 450-4000 |
| | Facsimile:   (212) 607-7983 |
| | marshall.huebner@davispolk.com |
| | damian.schaible@davispolk.com |
| | michelle.mcgreal@davispolk.com |
| | |
| | *Proposed Counsel to the Debtors and Debtors in Possession* |

## **VERIFICATION**

I, Joseph A. Broking, Chief Financial Officer of Magnetation LLC, based upon my personal information and belief, declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: __May 5__, 2015        Signed: _____
                                            Joseph A. Broking

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Magnetation LLC,<br>　　　　Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC,<br>　　　　Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp.,<br>　　　　Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC,<br>　　　　Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC,<br>　　　　Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR AN ORDER
(I) GRANTING AN EXPEDITED HEARING, (II) GRANTING ADMINISTRATIVE
EXPENSE STATUS TO THE DEBTORS' UNDISPUTED OBLIGATIONS TO
VENDORS ARISING FROM THE POSTPETITION DELIVERY OF GOODS
ORDERED PREPETITION, (III) AUTHORIZING THE DEBTORS TO PAY THOSE
OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND
(IV) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
RELATED CHECKS AND TRANSFERS**

Magnetation LLC ("**Mag LLC**") and each of its subsidiaries that are debtors and debtors in possession in these chapter 11 cases (the "**Debtors**") submit this memorandum of law in support of the motion submitted herewith (the "**Motion**") in accordance with Local Rule 9013-2(a). The Debtors seek entry of an order substantially in the form filed herewith (a) granting expedited relief, (b) granting the Vendors administrative priority status under section 503(b) of the Bankruptcy Code for undisputed obligations arising from outstanding prepetition orders for Goods delivered after the Petition Date, (c) authorizing the Debtors to pay such obligations in the ordinary course of business under section 363(c) of the Bankruptcy Code and (d) authorizing all applicable banks and other financial institutions to pay all checks presented for the payment of

such obligations. This relief will avoid delays in the Debtors' ability to obtain the supplies and other goods necessary to their businesses, and will ensure as smooth a transition as possible into chapter 11; therefore, the Court should grant the relief sought.

## BACKGROUND

The supporting facts are set forth in the Motion, verified by Joseph A. Broking, Chief Financial Officer of Magnetation LLC. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

## LEGAL ANALYSIS

**I.    THE DEBTORS' REQUEST FOR EXPEDITED RELIEF SHOULD BE GRANTED.**

The Debtors request expedited relief on the Motion. Bankruptcy Rule 9006(c) provides that the Court may reduce the notice period for a Motion "for cause shown." Cause exists here to grant the Motion on an expedited basis. If the Debtors are not authorized to pay their Vendors without interruption in the ordinary course of business under section 363(c) of the Bankruptcy Code, the Debtors would suffer immediate and irreparable harm because the Debtors' ability to sustain their day-to-day operations and meet their various obligations, including under their supply agreements, would be damaged, and the Debtors' reputation with their counterparties would be impaired. Accordingly, expedited relief requested is necessary to avoid immediate and irreparable harm.

**II.   AMOUNTS OWED FOR GOODS DELIVERED POSTPETITION SHOULD BE GRANTED ADMINISTRATIVE EXPENSE STATUS, AND THE DEBTORS SHOULD BE AUTHORIZED TO PAY SUCH AMOUNTS IN THE ORDINARY COURSE.**

The Bankruptcy Code authorizes a debtor in possession to operate its business and to use property of the estate in the ordinary course of business without having to provide notice or

obtain a court hearing. 11 U.S.C. § 363(c). It is in the ordinary course of the Debtors' businesses to pay the Vendors following delivery of Goods. Accordingly, the Debtors' payment for Goods delivered postpetition generally falls within the scope of permitted activities under section 363(c) of the Bankruptcy Code. To provide clarity to Vendors and prevent harmful delays, however, the Court should enter an order granting the relief requested herein.

Further, the Debtors submit that, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of desired and necessary Goods, including Goods ordered prepetition, are in fact administrative expense priority claims in virtually all cases. Thus, the granting of the relief requested herein likely will not provide the Vendors with any greater priority than they would otherwise have if the relief herein is not granted. Absent such relief, however, the Debtors may be required to expend substantial time and effort to reissue the Prepetition Orders or even obtain further relief from the Court to provide the Vendors with the assurance of such administrative priority, causing disruption to the Debtors' businesses.

Courts have authorized the relief requested herein in other chapter 11 cases. *See, e.g., In re Allied Nev. Gold Corp.*, No. 15-10503 (MFW) (Bankr. D. Del. Apr. 15, 2015) [ECF No. 191]; *Standard Register Co.*, No. 15-10541 (BLS) (Bankr. D. Del. Mar. 13, 2015) [ECF No. 48]; *In re The Wet Seal, Inc.*, No. 15-10081 (CSS) (Bankr. D. Del. Jan. 20, 2015) [ECF No. 100]; *In re Patriot Coal Corp.*, No. 12-12900 (SCC) (Bankr. S.D.N.Y. July 12, 2012) [ECF No. 54]; *In re Pinnacle Airlines Corp.*, No. 12-11343 (REG) (Bankr. S.D.N.Y. Apr. 3, 2012) [ECF No. 45]; *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 9, 2014) [ECF No. 65].

Based upon the foregoing, the Debtors submit that the relief requested in the Motion is essential, appropriate and in the best interests of the Debtors' estates and creditors.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

| | |
|---|---|
| Dated: May 5, 2015 | FREDRIKSON & BYRON, P.A. |
| | |
| | _/e/ Clinton Cutler_ |
| | Clinton E. Cutler (#158094) |
| | James C. Brand (#387362) |
| | Sarah M. Olson (#390238) |
| | 200 South Sixth Street, Suite 4000 |
| | Minneapolis, Minnesota 55402 |
| | Telephone: (612) 492-7000 |
| | Facsimile: (612) 492-7077 |
| | ccutler@fredlaw.com |
| | jbrand@fredlaw.com |
| | solson@fredlaw.com |
| | |
| | *Proposed Local Counsel to the Debtors and Debtors in Possession* |
| | |
| | – and – |
| | |
| | DAVIS POLK & WARDWELL LLP |
| | Marshall S. Huebner (NY #2601094) |
| | Damian S. Schaible (NY #4086864) |
| | Michelle M. McGreal (NY #4599031) |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | Telephone: (212) 450-4000 |
| | Facsimile: (212) 607-7983 |
| | marshall.huebner@davispolk.com |
| | damian.schaible@davispolk.com |
| | michelle.mcgreal@davispolk.com |
| | |
| | *Proposed Counsel to the Debtors and Debtors in Possession* |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Magnetation LLC, <br> Debtor. | Case No. 15-50307 <br> Chapter 11 Case |
| Mag Lands, LLC, <br> Debtor. | Case No. 15-50308 <br> Chapter 11 Case |
| Mag Finance Corp., <br> Debtor. | Case No. 15-50309 <br> Chapter 11 Case |
| Mag Mining, LLC, <br> Debtor. | Case No. 15-50310 <br> Chapter 11 Case |
| Mag Pellet LLC, <br> Debtor. | Case No. 15-50311 <br> Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO THE DEBTORS' UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM THE POSTPETITION DELIVERY OF GOODS ORDERED PREPETITION, (III) AUTHORIZING THE DEBTORS TO PAY THOSE OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND (IV) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[1] of Magnetation LLC ("**Mag LLC**") and its subsidiaries, as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") to (a) grant an expedited hearing, (b) grant administrative expense status to the Debtors' undisputed obligations to vendors (the "**Vendors**") arising from the postpetition delivery of goods (the "**Goods**") ordered prepetition (the "**Prepetition Orders**"), (c) authorize the Debtors to pay such obligations in the ordinary course of business and (d) authorize all applicable banks and other financial institutions to honor and process related checks and

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

transfers, as more fully described in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to parties in interest as specified in Local Rule 9013-3(a)(2); and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1. The Motion is granted, including the request for expedited relief.

2. The Vendors shall be afforded administrative expense priority status, pursuant to sections 503(b) and 507 of the Bankruptcy Code, with respect to those obligations of the Debtors for Goods delivered and accepted postpetition under Prepetition Orders that the Debtors determine are valid claims against the Debtors' estates.

3. The Debtors are authorized to pay all undisputed obligations arising from the postpetition delivery or shipment by the Vendors of Goods, including shipments of parts,

inventory, supplies and equipment, subject to the Prepetition Orders, consistent with their customary practices in the ordinary course of their businesses.

4. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Order, whether presented prior to or after the Petition Date, to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5. Nothing in this Order shall be deemed either a grant of administrative expense priority status to, or authority to pay, amounts in respect of inventory or other goods that are not deemed to be Goods for the purposes of this Order.

6. Nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Prepetition Orders.

7. Notwithstanding anything to the contrary contained herein, (a) any payment to be made, and any authorization contained, hereunder shall be subject to the applicable requirements imposed on the Debtors under any order approving the Debtors' postpetition financing facility (the "**DIP Order**") and the documentation in respect of the postpetition financing facility (the "**DIP Documents**"), (b) nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents and (c) to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

8. Other than as expressly set forth herein, nothing in this Order shall be deemed to (a) constitute a postpetition assumption of any agreements related to the Goods or the Vendors pursuant to section 365 of the Bankruptcy Code; (b) grant third-party beneficiary status or bestow additional rights on any third party; or (c) waive any rights, claims or defenses of the Debtors.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:

                        The Honorable Gregory F. Kishel
                        Chief United States Bankruptcy Judge