UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**NOTICE OF HEARING AND JOINT MOTION FOR AN ORDER
(I) GRANTING AN EXPEDITED HEARING, (II) PROHIBITING UTILITIES
FROM ALTERING, REFUSING OR DISCONTINUING SERVICE,
(III) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF
FUTURE PERFORMANCE AND (IV) ESTABLISHING PROCEDURES FOR
DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

TO:     The parties in interest as specified in Local Rule 9013-3(a)(2).

1.     Magnetation LLC ("**Mag LLC**") and its subsidiaries, as debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), file this motion (this "**Motion**") requesting the relief described below and give notice of hearing.

2.     The Court will hold a hearing on the Motion at 10:00 a.m. (prevailing Central time) on May 7, 2015 in Courtroom No. 2A, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.     Local Rule 9006-1(c) provides deadlines for responses to this Motion.  However, given the expedited nature of the relief sought herein, the Debtors do not object to written responses being served and filed up to two hours prior to the hearing.  **UNLESS A RESPONSE**

OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE
MOTION WITHOUT A HEARING.

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157
and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")
and Local Rule 1070-1.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is
proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  On May 5, 2015 (the
"**Petition Date**"), each of the above-captioned Debtors commenced with this Court a voluntary
case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the
"**Bankruptcy Code**").  The cases are currently pending in this Court.

5.      This motion arises under sections 105(a) and 366 of the Bankruptcy Code and is
filed under Local Rules 9013-1, 9013-2 and 9013-3.  Notice of the hearing on this Motion is
provided pursuant to Bankruptcy Rule 9013 and Local Rules 9013-2 and 9013-3.  The Debtors
request entry of an order granting expedited relief prohibiting utilities from altering, refusing or
discontinuing service, deeming utility companies adequately assured of future performance and
establishing procedures for determining requests for additional adequate assurance.

## BACKGROUND

6.      The Debtors are authorized to operate their businesses and manage their
properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy
Code.  No official committees have been appointed.

7.      Additional information about the Debtors' businesses and the events leading up to
the Petition Date can be found in the Declaration of Joseph A. Broking, Chief Financial Officer
of Magnetation LLC, which is incorporated herein by reference.

## RELIEF REQUESTED

8.      Section 366 of the Bankruptcy Code prevents utility companies from discontinuing, altering or refusing service to a debtor during the first 30 days of a chapter 11 case.  However, after such 30-day period, a utility company has the option of terminating its services pursuant to section 366(c)(2) of the Bankruptcy Code if a debtor has not furnished adequate assurance of payment.

9.      By this Motion, the Debtors seek entry of a final order substantially in the form filed herewith (the "**Order**") (a) granting an expedited hearing, (b) determining that the Utilities (as defined below) have "adequate assurance of payment" within the meaning of section 366 of the Bankruptcy Code and approving the Debtors' proposed offer of adequate assurance and the procedures set forth below for resolving requests by Utilities for additional or different assurances beyond those set forth in this Motion, (c) prohibiting the Utilities from altering, refusing or discontinuing any Utility Services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance and (d) establishing procedures for the Utilities to seek to opt out of the Debtors' proposed adequate assurance procedures.

## THE UTILITIES

10.      In connection with the operation of their businesses and management of their properties, the Debtors obtain utility services (collectively, the "**Utility Services**") from several utilities, as that term is used in section 366 of the Bankruptcy Code (the "**Utilities**").  Annexed hereto as Exhibit A is a list of Utilities that provide Utility Services to the Debtors as of the Petition Date.  The relief requested herein is for all Utilities providing Utility Services to the

Debtors, and is not limited to those listed on Exhibit A.[1]  The Debtors have made an extensive and good faith effort to identify all of the Utilities that provide them Utility Services and to include them in Exhibit A.  Nonetheless, the Debtors reserve the right to supplement Exhibit A by filing a notice (a "**Supplemental Notice**," and, together with Exhibit A, as may be so supplemented, the "**Utilities List**") at a later date with the Court.

11.    During the past 12 months, the Debtors paid an average of approximately $3.2 million per month on account of Utility Services.  As of the Petition Date, the Debtors estimate that approximately $1.5 million on account of Utility Services may be outstanding with respect to prepetition periods.

12.    Uninterrupted Utility Services are essential to the Debtors' ongoing operations, and, therefore, to the success of the Debtors' reorganization.  The Debtors operate plants and a load-out facility that depend on the reliable delivery of power and other Utility Services, and because of the nature of the Debtors' operations, it is essential that the Utility Services continue uninterrupted.  Should any Utility refuse or discontinue service, even for a brief period, the Debtors' operations could be severely disrupted.  The impact of this disruption on the Debtors' business operations and revenue would be extremely harmful and could jeopardize the Debtors' reorganization efforts.

## ADEQUATE ASSURANCE

13.    The Debtors intend to pay all postpetition obligations owed to the Utilities in a timely manner, including with the proceeds of the Debtors' postpetition financing facility.

---

[1] The inclusion of any entity on, as well as any omission of any entity from, Exhibit A is not an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights with respect thereto.

4

14.    The Debtors propose to provide a deposit[2] (the "**Adequate Assurance Deposit**") equal to two weeks of Utility Service (less any deposit already held by such Utility), calculated as a historical average over the past 12 months, to any Utility that requests such a deposit in writing as set forth below; *provided* that such requesting Utility does not already hold a deposit equal to or greater than two weeks of Utility Services; *and provided further* that such Utility is not currently paid in advance for its Utility Services.  As a condition of requesting or accepting an Adequate Assurance Deposit or any portion thereof, the Debtors propose that the requesting Utility shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of payment to such Utility within the meaning of section 366 of the Bankruptcy Code, and shall be prohibited from challenging or opting out of the Adequate Assurance Procedures (as defined below), filing an Additional Assurance Request (as defined below) or requesting any additional adequate assurance of payment of any kind at any time, notwithstanding any attempt by such Utility to reserve a right to seek any such relief.

15.    The Debtors request an order confirming that they are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utilities to the Debtors after the Petition Date.

16.    Given their current cash reserves and the amounts available under the Debtors' postpetition financing facility, the Debtors submit that each Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**"), constitutes sufficient adequate

---

[2] Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to mean, among other things, a cash deposit.

assurance to each of the Utilities.  If any Utility believes additional assurance is required, they may request such assurance pursuant to the following procedures.

## THE PROPOSED ADEQUATE ASSURANCE PROCEDURES

17.    In light of the severe consequences to the Debtors of any interruption in services by the Utilities, but recognizing the right of each of the Utilities to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose that the Court approve the following procedures (the "**Adequate Assurance Procedures**"):

(a)    The Debtors will fax, e-mail, serve by overnight mail or otherwise expeditiously send a copy of the Order, which contains the proposed Adequate Assurance Procedures, to each of the Utilities listed in Exhibit A within three business days after entry of the Order by the Court.

(b)    Any Utility requesting payment of an Adequate Assurance Deposit must send to (i) the Debtor, Magnetation LLC, 102 NE 3rd Street, Suite 120, Grand Rapids, Minnesota 55744, Attn: Joseph A. Broking, Chief Financial Officer, (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn: Marshall S. Huebner and Michelle M. McGreal and (iii) counsel to the ad hoc committee of senior secured noteholders, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York, 10005, Attn: Evan Fleck and Bradley Friedman (collectively, the "**Request Parties**") a written request (a "**Deposit Request**") that names the Utility and includes payment instructions for the Adequate Assurance Deposit, on or before 4:00 p.m. (prevailing Central time) on the date that is 21 days from the entry of the Order (the "**Adequate Assurance Deposit Request Deadline**").

(c)     Upon the receipt of a Deposit Request, the Debtors shall provide the requesting Utility with the corresponding Adequate Assurance Deposit; *provided, however*, that such requesting Utility does not already hold a deposit equal to or greater than two weeks of Utility Services; *and provided further* that such Utility is not currently paid in advance for its Utility Services.  Any Utility that submits a Deposit Request and already holds a deposit of less than two weeks of Utility Service shall receive an amount equal to the difference between the deposit held and the Adequate Assurance Deposit. Any Utility that is currently paid in advance for its Utility Services shall continue to be so paid in the ordinary course of business.

(d)     Any Utility desiring additional adequate assurance in the form of a deposit, prepayment or otherwise different form from the Proposed Adequate Assurance must, on or prior to the Adequate Assurance Deposit Request Deadline, file with the Court and serve on the Request Parties a request (an "**Additional Assurance Request**"), which must be in writing and set forth (i) the amount and form of additional adequate assurance payment requested, (ii) the location(s) for which the Utility Services are provided and the relevant account numbers, (iii) the Debtors' payment history for the most recent 12 months, (iv) a list of any deposits, prepayments or other security currently held by the Utility on account of the Debtors, (v) a description of any prior material payment delinquency or irregularity and (vi) an explanation of why the Utility believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(e)     The Debtors may resolve and settle any Additional Assurance Request by mutual agreement with the Utility and without further order of the Court.  The Debtors

shall not be required to provide a Utility that files an Additional Assurance Request with an Adequate Assurance Deposit until such Additional Assurance Request is resolved.

(f)    For any Utility that timely files an Additional Adequate Assurance Request for which the Debtors are not able to reach a consensual resolution, the Debtors will file a motion (which may address the Additional Assurance Requests of multiple Utilities) and request a hearing before this Court to determine the adequacy of assurance of payment with respect to such Utility (the "**Determination Hearing**"), pursuant to section 366(c)(3) of the Bankruptcy Code.

(g)    Pending resolution of a Utility's Additional Assurance Request by the Court, such Utility shall be prohibited from discontinuing, altering or refusing service to the Debtors.

(h)    Any Utility that does not submit a Deposit Request or file an Additional Assurance Request shall be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code and shall be prohibited from discontinuing, altering or refusing to provide Utility Services, including on account of unpaid charges for prepetition Utility Services, during the pendency of these proceedings.

18.    A Utility shall be deemed to have adequate assurance of payment unless and until (a) the Debtors agree to a Deposit Request or an Additional Assurance Request or agree to alternative adequate assurance of payment with the Utility or (b) this Court enters an order requiring that additional adequate assurance of payment be provided.

19.    Any period of time prescribed or allowed by the Order will be computed in accordance with Bankruptcy Rule 9006.

## SUBSEQUENT MODIFICATIONS OF UTILITY LIST

20.     Although the Debtors have made a good faith effort to identify all of the Utilities that currently provide Utility Services to the Debtors, it is possible that some Utilities may not be listed on Exhibit A.  For any additional Utilities that the Debtors identify, the Debtors will file a Supplemental Notice, and will serve the Supplemental Notice by e-mail or fax (or, where the Debtors do not have the e-mail address or fax number for a Utility, by first-class mail) on all Utilities listed in such Supplemental Notice.  The Debtors request that the Order be binding on all Utilities, regardless of whether or when such Utility was added by Supplemental Notice; *provided*, *however*, that the Adequate Assurance Deposit Request Deadline shall be extended for any Utility first listed in such Supplemental Notice to the date that is 21 days from the date that such Supplemental Notice is filed.

## REQUEST FOR EXPEDITED RELIEF

21.     The Debtors request expedited relief on this Motion.  The Debtors have scheduled and served a number of "first day" motions designed to facilitate an orderly transition to chapter 11.  Uninterrupted utility service is crucial to the Debtors' operations.  Prior to the Petition Date, at least two of the Debtors' Utilities threatened to discontinue service.  If a disruption occurred, the negative impact on the Debtors' business operations and revenue could be severe.  Furthermore, the relief requested provides the Utilities with a fair and orderly procedure for addressing requests for additional or different adequate assurance.  Without the Adequate Assurance Procedures, the Debtors could be forced to address numerous requests by Utilities in a disorganized manner at a critical period in these chapter 11 cases and during a time when the Debtors' efforts could be more productively focused on the continuation of the Debtors' operations for the benefit of all parties in interest.

22.     Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a memorandum of law, proposed order and proof of service.

23.     Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary, call Joseph A. Broking, Chief Financial Officer of Magnetation LLC, an authorized representative of the Debtors, to testify at the hearing on the Motion regarding the facts set out herein.   The witness's business address is 102 NE 3rd Street, Suite 120, Grand Rapids, Minnesota 55744.

## REQUEST FOR WAIVER OF STAY

24.     In addition, by this Motion, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth herein, the Debtors require immediate relief to continue ordinary business operations for the benefit of all parties in interest.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## NO PREVIOUS REQUEST

25.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors request entry of an order:

A.      granting an expedited hearing;

B.      prohibiting Utilities from altering, refusing or discontinuing service;

C.      deeming Utilities adequately assured of future performance;

D.    establishing procedures for determining requests for additional adequate assurance; and

E.    granting such other relief as the Court deems just and equitable.


Dated: May 5, 2015                                FREDRIKSON & BYRON, P.A.

                                                 */e/ Clinton E. Cutler*
                                                 Clinton E. Cutler (#158094)
                                                 James C. Brand (#387362)
                                                 Sarah M. Olson (#390238)
                                                 200 South Sixth Street, Suite 4000
                                                 Minneapolis, Minnesota 55402
                                                 Telephone: (612) 492-7000
                                                 Facsimile:  (612) 492-7077
                                                 ccutler@fredlaw.com
                                                 jbrand@fredlaw.com
                                                 solson@fredlaw.com

                                                 *Proposed Local Counsel to the Debtors
                                                 and Debtors in Possession*

                                                 – and –

                                                 DAVIS POLK & WARDWELL LLP
                                                 Marshall S. Huebner (NY #2601094)
                                                 Damian S. Schaible (NY #4086864)
                                                 Michelle M. McGreal (NY #4599031)
                                                 450 Lexington Avenue
                                                 New York, New York 10017
                                                 Telephone: (212) 450-4000
                                                 Facsimile:  (212) 607-7983
                                                 marshall.huebner@davispolk.com
                                                 damian.schaible@davispolk.com
                                                 michelle.mcgreal@davispolk.com

                                                 *Proposed Counsel to the Debtors
                                                 and Debtors in Possession*

## VERIFICATION

I, Joseph A. Broking, Chief Financial Officer of Magnetation LLC, based upon my personal information and belief, declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: __May 5__ , 2015          Signed: _____

                                               Joseph A. Broking

**EXHIBIT A**

| TYPE OF UTILITY | UTILITY/PROVIDER ADDRESS | ACCOUNT NUMBER(S) | DEBTOR(S) |
|---|---|---|---|
| Energy Provider | NIPSCO<br>801 E 86th Ave, Merrillville, Indiana 46410<br>PO Box 13007, Merrillville, Indiana 46411 | 551-786-009,<br>303-236-003-1 | Mag Pellet LLC |
| | Minnesota Power<br>30 W Superior St, Duluth, Minnesota 55802<br>PO Box 1001, Duluth, Minnesota 55806 | 248198, 220532, 239858,<br>221433, 217031, 247360 | Magnetation LLC,<br>Mag Mining, LLC |
| | Lake Country Power<br>8535 Park Ridge Drive, Mt. Iron, Minnesota 55768<br>4065 Hwy 73, Kettle River, Minnesota 55757 | 141458133, 142539801 | Magnetation LLC |
| Telephone | ATT<br>PO Box 6463, Carol Stream, Illinois 60197 | 837064190 | Magnetation LLC |
| | Verizon<br>PO Box 25505 Lehigh Valley, Pennsylvania 18002 | 642007177-00001,<br>642007177-00004 | Magnetation LLC |
| Internet/Technology | Mediacom<br>PO Box 5744, Carol Stream, Illinois 60197 | 8384 92 250 0000108 | Magnetation LLC |
| | Paul Bunyan<br>PO Box 1510 Bemidji, Minnesota 56619 | 6292400 | Magnetation LLC |
| | Century Link<br>PO Box 2961, Phoenix, Arizona 85062 | 85062-2961 | Mag Pellet LLC |
| Cable/Satellite | Paul Bunyan<br>PO Box 1510 Bemidji, Minnesota 56619 | 6292400 | Magnetation LLC |
| Natural Gas | Encore<br>11807 Q St, Suite 1, Omaha, Nebraska 68137 | 00013381 | Mag Pellet LLC |
| Waste Collection | Waste Management<br>2625 W. Grandview Rd, Ste 150, Phoenix, Arizona 85023 | 300-0027941-0412-1,<br>300-0029131-0412-7 | Magnetation LLC |
| | Local Boy, Inc.<br>PO Box 765, Grand Rapids, Minnesota 55744 | N/A | Magnetation LLC |
| | OSI<br>BR 60 – Eveleth, Minnesota<br>300 Fayal Rd, Eveleth, Minnesota 55734 | 5643 | Magnetation LLC |
| | Heritage Interactive (IN)<br>3719 W 96th St.<br>Indianapolis, Indiana 46268 | N/A | Mag Pellet LLC |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR AN ORDER
(I) GRANTING AN EXPEDITED HEARING, (II) PROHIBITING UTILITIES FROM
ALTERING, REFUSING OR DISCONTINUING SERVICE, (III) DEEMING UTILITY
COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND
(IV) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR
ADDITIONAL ADEQUATE ASSURANCE**

Magnetation LLC ("**Mag LLC**") and each of its subsidiaries that are debtors and debtors in possession in these chapter 11 cases (the "**Debtors**") submit this memorandum of law in support of the motion submitted herewith (the "**Motion**") in accordance with Local Rule 9013-2(a).  By the Motion, the Debtors seek entry of an order (a) granting an expedited hearing, (b) determining that the Utilities have "adequate assurance of payment" within the meaning of section 366 of the Bankruptcy Code and approving the Debtors' proposed offer of adequate assurance and the procedures set forth below for resolving requests by Utilities for additional or different assurances beyond those set forth in the Motion, (c) prohibiting the Utilities from altering, refusing or discontinuing any Utility Services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate

assurance and (d) establishing procedures for the Utilities to seek to opt out of the Debtors'

proposed adequate assurance procedures.

**BACKGROUND**

The supporting facts are set forth in the Motion, verified by Joseph A. Broking, Chief

Financial Officer of Magnetation LLC.  All capitalized terms used herein and not otherwise

defined shall have the meanings ascribed to them in the Motion.

**LEGAL ANALYSIS**

**I.      THE DEBTORS' REQUEST FOR EXPEDITED RELIEF SHOULD BE
         GRANTED.**

The Debtors request expedited relief on the Motion.  Bankruptcy Rule 9006(c) provides

that the Court may reduce the notice period for a Motion "for cause shown."  Cause exists here

to grant the Motion on an expedited basis.  Prior to the Petition Date, at least two of the Debtors'

Utilities threatened to discontinue service.  Uninterrupted utility service is crucial to the Debtors'

operations. If a disruption occurred, the negative impact on the Debtors' business operations and

revenue could be severe.  Furthermore, the relief requested provides the Utilities with a fair and

orderly procedure for addressing requests for additional or different adequate assurance.

Without the Adequate Assurance Procedures, the Debtors could be forced to address numerous

requests by Utilities in a disorganized manner at a critical period in these chapter 11 cases and

during a time when the Debtors' efforts could be more productively focused on the continuation

of the Debtors' operations for the benefit of all parties in interest.

**II.     THE UTILITIES HAVE ADEQUATE ASSURANCE OF PAYMENT AND THE
         ADEQUATE ASSURANCE PROCEDURES ARE APPROPRIATE.**

Section 366 of the Bankruptcy Code protects a debtor against the immediate termination

of utility services after commencing its case.  Under that section, a utility company may not,

2

during the first 30 days of a chapter 11 case, alter, refuse, or discontinue services to, or discriminate against, a debtor solely on the basis of the commencement of the case or the failure of the debtor to pay a prepetition debt.  11 U.S.C. § 366.[1]  A utility company may, however, alter, refuse or discontinue service following such 30-day period, if the debtor does not provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility, subject to the Court's review and approval.  Pursuant to section 366(c)(3)(B), in determining whether an assurance of payment is adequate, the court may not consider (a) the absence of security before the petition date, (b) the debtor's history of timely payments or (c) the availability of an administrative expense priority.

While the Bankruptcy Code provides guidance as to the required nature of adequate assurance, the Court retains the discretion to determine the amount of adequate assurance necessary or to change the fundamental requirement that assurance of payment must simply be adequate.  *Compare* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* 11 U.S.C. § 366(c)(3)(A)

---

[1] Section 366 of the Bankruptcy Code applies to entities that are traditionally viewed as utilities, such as those that provide electricity, telephone service or water, and to any entity that supplies services that cannot be readily obtained or replaced elsewhere, or which constitutes a monopoly with respect to the services that it provides to the debtor.  *See, e.g.*, *In re Abraham*, No. BK01-41713, 2002 Bankr. LEXIS 1788, at *6 (Bankr. D. Neb. Apr. 11, 2002) (citing *One Stop Realtour Place, Inc. v. Allegiance Telecom of Pennsylvania, Inc. (In re One Stop Realtour Place, Inc.)*, 268 B.R. 430, 436-37 (Bankr. E.D. Pa. 2001) (provider of telephone service is a utility regardless of whether telephone service may be available from another provider)); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986) (landlord of the Brooklyn Navy Yard "occupies 'a special position with respect to the debtor' in its role as the [debtor's] utility supplier").  Despite the wide latitude afforded in determining those entities that constitute utilities under section 366, some of the companies listed in Exhibit A may also provide goods or services to the Debtors in a capacity other than that of a utility.  With respect to any such goods or services, such companies are not entitled to adequate assurance under section 366.  Moreover, the Debtors are not foreclosed from taking the position that any of the entities listed on Exhibit A are not utilities within the meaning of section 366.

3

("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2) [which is governed by an adequacy standard]."). Courts construing section 366(b) have long recognized that in determining adequate assurance, the Court is not required to give the utilities the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for postpetition services. *See In re New Rochelle Telephone Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008) ("Adequate assurance, however, is not a guarantee of payment; rather, it is intended to guard against the utility assuming an unreasonable risk of nonpayment."); *accord Long Island Lighting Co. v. Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, No. 11-CV-1338 (CS), 2011 U.S. Dist. LEXIS 131621, at *18 (S.D.N.Y. Nov. 14, 2011); *S. Cal. Edison Co. v. Crystal Cathedral Ministries (In re Crystal Cathedral Ministries)*, 454 B.R. 124, 131 (Bankr. C.D. Cal. 2011); *Steinebach v. Tucson Electric Power Corp. (In re Steinebach)*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); *In re Caldor*, 199 B.R. 1, 3 (S.D.N.Y. 1996); *In re Santa Clara Circuits West, Inc.*, 27 B.R. 680, 685 (Bankr. D. Utah 1982); *In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980). Historically, whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case. *See In re Adelphia Bus. Solutions, Inc.*, 280 B.R. at 80; *accord In re Great Atl. & Pac. Tea Co.*, No. 11-CV-1338 (CS), 2011 U.S. Dist. LEXIS 131621, at *18 (S.D.N.Y. Nov. 14, 2011); *Mass. Elec. Co. v. Keydata Corp. (In re Keydata Corp.)*, 12 B.R. 156, 158 (Bankr. D. Mass. 1981). While section 366(c) limits the factors a court may consider, determinations of adequate assurance remain within the Court's discretion. *Cf. In re Great Atl. & Pac. Tea Co.*, No. 11-CV-1338 (CS), 2011 U.S. Dist. LEXIS 131621, at *20 (S.D.N.Y. Nov. 14, 2011); *Steinebach*,

4

303 B.R. at 642; *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. at 80; *Marion Steel Co. v. Edison Co. (In re Marion Steel Co.)*, 35 B.R. 188, 195 (Bankr. D. Ohio 1983). The Debtors believe that the Proposed Adequate Assurance is sufficient and reasonable and constitutes adequate assurance of payment under section 366(c) of the Bankruptcy Code.

The relief requested in the Motion and the proposed Adequate Assurance Procedures are similar to the relief granted in this and other districts in recent chapter 11 cases. *See, e.g.*, *In re Duke and King Acquisition Corp.*, No. 10-38652 (GFK) (Bankr. D. Minn. Jan. 11, 2011) [ECF No. 116]; *In re Genmar Holdings, Inc.*, No. 09-43537 (DDO) (Bankr. D. Minn. July 1, 2009) [ECF No. 176]; *In re Polaroid Corp.*, No. 08-46617 (GFK) (Bankr. D. Minn. Dec. 23, 2008) [ECF No. 24]; *In re Altegrity, Inc.*, No. 15-10226 (LSS) (Bankr. D. Del. Mar. 16, 2015) [ECF No. 203]; *In re Patriot Coal Corp.*, No. 12-12900 (SCC) (Bankr. S.D.N.Y. July 26, 2012) [ECF No. 189].

Further, the Court has the power, under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The proposed procedures will ensure the Debtors' continued Utility Services without unduly prejudicing the Utilities.

Based on the foregoing, the Debtors submit that the relief requested in the Motion is necessary and in keeping with the spirit and intent of section 366 of the Bankruptcy Code, is not prejudicial to the rights of any Utility and is in the best interests of the Debtors' estates and creditors.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested in the Motion.

5

Dated:  May 5, 2015                          FREDRIKSON & BYRON, P.A.

                                             */e/ Clinton E. Cutler*
                                             Clinton E. Cutler (#158094)
                                             James C. Brand (#387362)
                                             Sarah M. Olson (#390238)
                                             200 South Sixth Street, Suite 4000
                                             Minneapolis, Minnesota 55402
                                             Telephone: (612) 492-7000
                                             Facsimile:  (612) 492-7077
                                             ccutler@fredlaw.com
                                             jbrand@fredlaw.com
                                             solson@fredlaw.com

                                             *Proposed Local Counsel to the Debtors*
                                             *and Debtors in Possession*

                                             – and –

                                             DAVIS POLK & WARDWELL LLP
                                             Marshall S. Huebner (NY #2601094)
                                             Damian S. Schaible (NY #4086864)
                                             Michelle M. McGreal (NY #4599031)
                                             450 Lexington Avenue
                                             New York, New York 10017
                                             Telephone: (212) 450-4000
                                             Facsimile:  (212) 607-7983
                                             marshall.huebner@davispolk.com
                                             damian.schaible@davispolk.com
                                             michelle.mcgreal@davispolk.com

                                             *Proposed Counsel to the Debtors*
                                             *and Debtors in Possession*

6

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING, (II) PROHIBITING UTILITIES
FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (III) DEEMING
UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE
AND (IV) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR
ADDITIONAL ADEQUATE ASSURANCE**

Upon the motion (the "**Motion**") [1] of Magnetation LLC and its subsidiaries that are
debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for an order
(a) granting an expedited hearing, (b) determining that the Utilities (as defined below) have
"adequate assurance of payment" within the meaning of section 366 of the Bankruptcy Code and
approving the Debtors' proposed offer of adequate assurance and the procedures set forth below
for resolving requests by Utilities for additional or different assurances beyond those set forth in
this Motion, (c) prohibiting the Utilities from altering, refusing or discontinuing any Utility
Services (as defined below) on account of prepetition amounts outstanding or on account of any

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the
Motion.

perceived inadequacy of the Debtors' proposed adequate assurance and (d) establishing procedures for the Utilities to seek to opt out of the Debtors' proposed adequate assurance procedures, as more fully described in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties in interest as specified in Local Rule 9013-3(a)(2); and it appearing that no other or further notice need be provided; and the relief requested in the Motion being essential to the continued operation of the Debtors' businesses and in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1.      The Motion is granted, including the request for expedited relief.

2.      The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for utility services (collectively, the "**Utility**

2

**Services**") rendered by utilities (as that term is used in section 366 of the Bankruptcy Code, the "**Utilities**") to the Debtors after the Petition Date.

3.        The Debtors shall provide a deposit in an amount equal to two weeks of Utility Service (the "**Adequate Assurance Deposit**") less any deposit then held by such Utility, calculated as a historical average over the past 12 months, to each Utility that requests such a deposit in writing as set forth below; *provided* that such requesting Utility does not already hold a deposit equal to or greater than two weeks of Utility Service; *and provided further* that such Utility is not currently paid in advance for its services.

4.        The Utilities, whether under direct relationship with the Debtors or through the Debtors' landlords or service agencies, including, but not limited to, the Utilities identified on Exhibit A to the Motion, as may be supplemented by the Debtors from time to time by the filing of a notice with the Court (a "**Supplemental Notice**" and, together with Exhibit A to the Motion, as may be so supplemented from time to time, the "**Utilities List**"), are prohibited from discontinuing, altering or refusing service to, or discriminating against, the Debtors, or requiring additional adequate assurance of payment other than the Adequate Assurance Deposit (and, in conjunction with the Debtors' ability to pay for Utility Services in the ordinary course of business, the "**Proposed Adequate Assurance**"), except in compliance with the following procedures (the "**Adequate Assurance Procedures**"):

(a)        Any Utility requesting payment of an Adequate Assurance Deposit must send to (i) the Debtor, Magnetation LLC, 102 NE 3rd Street, Suite 120, Grand Rapids, Minnesota 55744, Attn: Joseph A. Broking, Chief Financial Officer, (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn: Marshall S. Huebner and Michelle M. McGreal and (iii) counsel

3

to the ad hoc committee of senior secured noteholders, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York, 10005, Attn: Evan Fleck and Bradley Friedman (collectively, the "**Request Parties**") a written request (a "**Deposit Request**") that names the Utility and includes payment instructions for the Adequate Assurance Deposit, on or before the date that is 21 days from the entry of this Order (the "**Adequate Assurance Deposit Request Deadline**").

(b)     Upon the receipt of a Deposit Request, the Debtors shall provide the requesting Utility with the corresponding Adequate Assurance Deposit; *provided, however*, that such requesting Utility does not already hold a deposit equal to or greater than two weeks of Utility Services; *and provided further* that such Utility is not currently paid in advance for its Utility Services.  Any Utility that submits a Deposit Request and already holds a deposit of less than two weeks of Utility Service shall receive an amount equal to the difference between the deposit held by such Utility and the Adequate Assurance Deposit.  Any Utility that is currently paid in advance for its Utility Services shall continue to be so paid in the ordinary course of business.

(c)     Any Utility desiring additional adequate assurance in the form of a deposit, prepayment or otherwise different form from the Proposed Adequate Assurance must, on or prior to the Adequate Assurance Deposit Deadline, file with the Court and serve on the Request Parties a request (an "**Additional Assurance Request**"), which must be in writing and set forth (i) the amount and form of additional assurance payment requested, (ii) the location(s) for which the Utility Services are provided and the relevant account numbers, (iii) the Debtors' payment history for the most recent 12 months, (iv) a list of any deposits, prepayments or other security currently held by the Utility on account of the

4

Debtors, (v) a description of any prior material payment delinquency or irregularity and (vi) an explanation of why the Utility believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment.  Any request for additional adequate assurance filed before entry of this Order shall be deemed to be an Additional Assurance Request.

(d)     The Debtors may resolve and settle any Additional Assurance Request by mutual agreement with the Utility and without further order of the Court.  The Debtors shall not be required to provide a Utility that files an Additional Assurance Request with an Adequate Assurance Deposit until such Additional Assurance Request is resolved.

(e)     For any other Utility for which the Debtors are not able to reach a consensual resolution, the Debtors will file a motion (which may address the Additional Assurance Requests of multiple Utilities) and request a hearing before this Court to determine the adequacy of assurance of payment with respect to a particular Utility (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

(f)     Pending resolution of a Utility's Additional Assurance Request by the Court, such Utility shall be prohibited from discontinuing, altering, or refusing service to the Debtors.

(g)     Any Utility that does not submit a Deposit Request or does not file an Additional Assurance Request shall be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code and shall be prohibited from discontinuing, altering or refusing to provide Utility Services, including on account of unpaid charges for prepetition Utility Services, during the pendency of these proceedings.

5

5.      This Order shall be binding on all Utilities, regardless of whether or when such Utility was added by Supplemental Notice; *provided*, *however*, that the Adequate Assurance Deposit Request Deadline shall be extended for any Utility first listed in such Supplemental Notice to the date that is 21 days from the date that such Supplemental Notice is filed.

6.      Each Utility shall be deemed to have adequate assurance of payment unless and until (a) the Debtors agree to a Deposit Request or an Additional Assurance Request or agree to alternative adequate assurance of payment with the Utility or (b) this Court enters an order requiring that additional adequate assurance of payment be provided.

7.      Nothing herein constitutes a finding that any entity is or is not a Utility hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utilities List.

8.      The Debtors shall serve a copy of this Order upon (i) each of the Utilities identified on Exhibit A to the Motion by e-mail or fax or by first-class mail (where the Debtors do not have the e-mail address or fax number for a Utility) and (ii) counsel to the ad hoc committee of senior secured noteholders.

9.      The Debtors shall serve a copy of any Supplemental Notice upon each of the Utilities identified in such Supplemental Notice by e-mail or fax or by first-class mail (where the Debtors do not have the e-mail address or fax number for a Utility).

10.     The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.  This Order shall be deemed to be a final order with respect to any Utility that does not file a timely objection as described herein.

11.     Notwithstanding anything to the contrary contained herein, (i) any payment to be made, and any authorization contained, hereunder shall be subject to the applicable requirements

6

imposed on the Debtors under any order approving the Debtors' postpetition financing facility (the "**DIP Order**") and the documentation in respect of the postpetition financing facility (the "**DIP Documents**"), (ii) nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents and (iii) to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     Nothing, other than as expressly set forth herein, in this Order or the Motion shall be deemed to constitute (a) the postpetition assumption, reaffirmation or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (c) a waiver of any rights, claims or defenses of the Debtors.

14.     Any period of time prescribed or allowed by this Order shall be computed in accordance with Bankruptcy Rule 9006.

15.     This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.


Dated:                                          _____
                                                The Honorable Gregory F. Kishel
                                                Chief United States Bankruptcy Judge