UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**LIMITED AND PRELIMINARY OBJECTION TO JOINT MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) GRANTING AN EXPEDITED HEARING, (II) AUTHORIZING THE DEBTORS (A) TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e) AND 507 AND (B) TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND (III) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364 AND 507**

Scheck Industrial Corporation, by its undersigned counsel, files this Limited and Preliminary Objection to the above-named Debtors' Joint Motion For Entry Of Interim And Final Orders (I) Granting An Expedited Hearing, (II) Authorizing The Debtors (A) To Obtain Postpetition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e) And 507 And (B) To Utilize Cash Collateral Pursuant To 11 U.S.C. § 363 And (III) Granting Adequate Protection To Prepetition Secured Creditors Pursuant To 11 U.S.C. §§ 361, 362, 363, 364 And 507 [Docket No. 18] ("DIP Financing Motion"), and states as follows:

1. Scheck Industrial Corporation ("Scheck") is a national turnkey Industrial Contractor, with core construction expertise in numerous industries including the manufacturing, energy and chemical industries. Scheck provides power and process piping, mechanical and other services.

2. Prior to the Petition Date, Scheck provided labor, material and services for installation of piping and materials for the Debtors' Concentrator Plant 4 Building located in Itasca County, Minnesota.

3. The Debtor accepted the work and did not dispute the amounts due Scheck.

4. Prior to the Petition Date, Scheck recorded and served a mechanic's lien in the amount of $3,953,089.63 against certain real property upon which the Concentrator Plant 4 Building is located.

5. As of the Petition Date, the Debtor Mag Mining, LLC, owed Scheck the amount of $3,953,089.63, with interest accruing thereon, on its mechanic's lien, plus its attorneys' fees. (In addition, Scheck has an unsecured claim in excess of $750,000.00.)

6. The Debtors have requested in the DIP Financing Motion[1] that this Court approve the Debtors' granting to the DIP Agent, on behalf of the DIP Lenders, "a valid, binding, continuing, enforceable, fully-perfected first priority priming security interest in and lien upon all pre and postpetition property of the Debtors and their estates, whether now existing or hereafter acquired, that is subject to any liens in existence as of the Petition Date …" pursuant to 11 U.S.C. § 364(d)(1).

---

[1] Capitalized terms that are used, but not defined, in this Limited Objection have the meanings given such terms in the DIP Financing Motion.

7. The Debtors seek to prime Scheck's properly perfected and enforceable mechanic's lien claim. Scheck requests no special treatment but merely wants the proposed order to be neutral and not affect Scheck's lien priority positively or negatively.

8. The Debtors have not offered to provide adequate protection to any lien claimant –including Scheck's– whose collateral is to be subjected to that priming security interest.

9. Scheck objects to the Debtors' request that a priming security interest or lien be granted on any of the property that is subject to Scheck's mechanic's lien.

10. 11 U.S.C. § 364(d)(1) provides as follows:

> The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien *only if-*
> …
> (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

(Emphasis added.) The Debtors have not offered to provide any form of adequate protection to Scheck. Accordingly, this Court may not authorize the Debtors to grant a senior security interest or lien on the property that is subject to Scheck's mechanic's lien.

11. Scheck reserves the right to supplement and amend its objection to the DIP Financing Motion.

WHEREFORE, Scheck respectfully requests that this Court deny the Debtors' request for approval of the granting of a senior security interest or lien on any property that is subject to Scheck's mechanic's lien.

Dated: May 6, 2015     GRAY, PLANT, MOOTY
                         MOOTY & BENNETT, P.A.
                         */s/ Phillip Bohl*
                       Phillip Bohl
                       500 IDS Center

80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 632-3000 Telephone
(612) 632-4400 Facsimile
Email: Phillip.Bohl@gpmlaw.com
**ATTORNEYS FOR SCHECK INDUSTRIAL CORPORATION**

## VERIFICATION

I, Kevin P. McDonnell, Chief Financial Officer for Scheck Industrial Corporation, declare under penalty of perjury that the facts set forth in the foregoing Response, are true and correct according to the best of my knowledge, information, and belief.

Dated: May 6, 2015

_____
Kevin P. McDonnell, Chief Financial Officer
Scheck Industrial Corporation


Kevin P. McDonnell, Chief Financial Officer
Scheck Industrial Corporation
500 E. Plainfield Road
Countryside, IL 60525

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**UNSWORN CERTIFICATE OF SERVICE**

I, Phillip W. Bohl, of Gray, Plant, Mooty, Mooty & Bennett, P.A., declare that, on May 6, 2015, I caused the following document:

**LIMITED AND PRELIMINARY OBJECTION TO JOINT MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) GRANTING AN EXPEDITED HEARING, (II) AUTHORIZING THE DEBTORS (A) TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e) AND 507 AND (B) TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND (III) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364 AND 507**

to be filed electronically with the Clerk of Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to all ECF participants.

I further declare that I caused a copy of the foregoing document to be mailed by first class mail, postage paid, to the following non-ECF participant by enclosing same in an envelope with first

class mail postage and depositing same in the post office at Minneapolis, Minnesota, addressed as follows:

Magnetation LLC
102 NE Third Street
Grand Rapids, MN 55744

Dated: May 6, 2015        GRAY, PLANT, MOOTY
   MOOTY & BENNETT, P.A.
  _/s/ Phillip Bohl_
Phillip Bohl
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 632-3000 Telephone
(612) 632-4400 Facsimile
Email: Phillip.Bohl@gpmlaw.com
**ATTORNEYS FOR SCHECK INDUSTRIAL CORPORATION**