UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

| Magnetation LLC, | Case No. 15-50307 |
| Debtor | Chapter 11 |
| Mag Lands, LLC | Case No. 15-50308 |
| Debtor | Chapter 11 |
| Mag Finance Corp. | Case No. 15-50309 |
| Debtor | Chapter 11 |
| Mag Mining, LLC | Case No. 15-50310 |
| Debtor | Chapter 11 |
| Mag Pellet LLC | Case No. 15-50311 |
| Debtor | Chapter 11 |

**OBJECTION OF VFS LEASING CO. TO NOTICE OF HEARING AND JOINT MOTION FOR INTERIM AND FINAL ORDERS (I) GRANTING AN EXPEDITED HEARING, (II) AUTHORIZING THE DEBTORS (A) TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(d)(1), 364(e) AND 507, AND (B) TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND (III) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364, AND 507.**

VFS Leasing Co., by and through its undersigned counsel, hereby files this objection to the DIP Financing Motion. In support of the objection, VFS Leasing Co. states as follows:

1. A hearing on Debtors' DIP Financing Motion is scheduled on May 7, 2015 at 10:00 a.m.

2. VFS Leasing Co. is an equipment lease creditor of Debtors Magnetation, LLC and Mag Mining, LLC with over $7,000,000 of current/future lease payments at risk.

3. The Bankruptcy Code requires adequate protection of a secured creditor's interest in property in appropriate circumstances – including where, as here, a debtor proposes to use, sell, or lease property in which the creditor has an interest. 11 U.S.C. § 363(e). This subsection also applies to property that is subject to any unexpired lease of personal property. Adequate protection is meant to protect the creditor from a diminution in value of its interest in collateral during the period of its

use. *See In re Worldcom, Inc.*, 304 B.R. 611, 618-19 (Bankr. S.D.N.Y. 2004). The language of section 363(e) is straightforward and non-discretionary, and it imposes only the most minimal of burdens on the moving creditor: if a creditor (i) has an "interest in property" and (ii) makes a "request" for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); *see Worldcom*, 304 B.R. at 618 (noting that "section 363(e) essentially requires that where a creditor can demonstrate it has a security interest in the property, such creditor is entitled to adequate protection of such interest."); *In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary – it states that the court 'shall' grant the relief specified, at any time, on request of the secured entity.") Thus, beyond establishing these two simple prerequisites, nothing more is required of the creditor – not even a hearing. *See* 11 U.S.C. § 363(e) ("…with or without a hearing…").

4. The DIP Financing Motion is wholly insufficient to establish that "adequate protection" will be provided to VFS Leasing Co. for Debtors' use of its equipment collateral. Exhibit C (pages 172-173) to Debtors' DIP Financing Motion is markedly deficient in that it does not identify the equipment lease creditors included in the category of "Mobile Equipment Lease – Various" and does not identify the amount of adequate protection that would be provided to each lease creditor.

5. Prior to authorizing any interim use of VFS Leasing Co's equipment collateral under 11 U.S.C. § 363, the Court should require Debtors to comply with Local Rule 4001-2 which requires separate verified statements identifying: 1) debtor's calculation of the amount of debt secured by the collateral; 2) description of collateral and estimate of collateral value on the date of filing and at the beginning of the period of time for which debtor currently seeks authorization to

2

use cash collateral; 3) description of collateral and estimate of collateral at the end of the period of time for which debtors seeks authorization to use; and 4) cash flow projections.

6. VFS Leasing Co. respectfully requests the Court prohibit the Debtors' use of its leased equipment pursuant to 11 U.S.C. § 363(e) until such time as Debtors can explain what "adequate protection" is ostensibly being provided.

7. VFS Leasing Co. reserves the right to supplement and amend its objection to the DIP Financing Motion.

Dated this 7th day of May, 2015.

By:*/s/ Caren W. Stanley*
Caren W. Stanley (#06100)
cstanley@vogellaw.com
**VOGEL LAW FIRM**
218 NP Avenue
PO Box 1389
Fargo, ND 58107
Telephone: (701) 237-6983
ATTORNEYS FOR VFS LEASING CO.