UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | | |
| Magnetation LLC, Debtor. | | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC, Debtor. | | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp., Debtor. | | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC, Debtor. | | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC, Debtor. | | Case No. 15-50311<br>Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING, (II) AUTHORIZING MAINTENANCE OF THE DEBTORS' EXISTING CASH MANAGEMENT SYSTEM, PURCHASE CARD PROGRAM AND EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[1] of Magnetation LLC and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for an order authorizing (i) the Debtors to continue to use their existing cash management system and maintain existing Bank Accounts and business forms and (ii) financial institutions to honor and process related checks and transfers pursuant to sections 105(a), 362, 363(c)(1), 364, and 503(b) of the Bankruptcy Code and Bankruptcy Rule 6003 as more fully described in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Magnetation LLC's Chief Financial Officer, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/07/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to parties in interest as specified in Local Rule 9013-3(a)(2); and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1. Pursuant to sections 105(a), 362, 363(c)(1), 364 and 503(b) of the Bankruptcy Code and Bankruptcy Rule 6003, and subject to the DIP Order, the Motion is granted, including the request for expedited relief.

2. The Debtors are authorized and empowered, but not directed, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to maintain, operate and make transfers under their Cash Management System as described in the Motion in accordance with the Bank Account Agreements, as applicable.

3. In accordance with their prepetition practices, the Debtors shall maintain records of all transfers within the Cash Management System to the same extent they were recorded by the Debtors before the commencement of these chapter 11 cases. As a part thereof, each Debtor shall record in its books and records any transfer made by such Debtor to or for the benefit of any other Debtor that occurs on or after the Petition Date (a "**Postpetition Transfer**"), and shall provide reports of such Postpetition Transfers upon request to (i) counsel for the agent under the Debtors' postpetition financing facility and (ii) counsel for the ad hoc committee of senior secured noteholders.

4. Any Debtor that makes a Postpetition Transfer to or for the benefit of another Debtor shall be granted a superpriority administrative expense claim as provided for in section 507(b) of the Bankruptcy Code, junior and subordinate to the superpriority administrative claims granted pursuant to any order of this Court authorizing, *inter alia*, the Debtors to obtain postpetition financing and granting adequate protection (including any carve-out).

5. Pursuant to section 364 of the Bankruptcy Code, and subject to the DIP Order, the Debtors are authorized, in connection with the ordinary course operation of their Cash Management System, to obtain credit and incur debt in the ordinary course of business in accordance with the Bank Account Agreements, as applicable, without any further notice or hearing.

6. The Debtors are authorized to continue to maintain the Bank Accounts with the same account numbers following the commencement of these cases.

7. The Banks are authorized to continue to treat, service and administer the Bank Accounts as accounts of the respective Debtor as a debtor in possession without interruption and

in the usual and ordinary course and to receive, process, honor and pay any and all postpetition checks, drafts, wires or automated clearing house transfers ("**ACH Transfers**") drawn on the Bank Accounts by the holders or makers thereof, as the case may be, to the extent the Debtors have good funds standing to their credit with such Bank.

8. Notwithstanding anything to the contrary in any other order of this Court, the Banks (a) are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires or ACH Transfers should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, wires or ACH Transfers are dated prior to, on or subsequent to the Petition Date, and whether the Banks believe the payment is or is not authorized by an order of this Court and (b) have no duty to inquire as to whether such payments are authorized by an order of this Court.

9. The Debtors shall promptly: (i) issue "stop payment" orders and provide the Banks instruction not to pay those checks, drafts, wires, ACH Transfers and other withdrawals that the Debtors specifically identify in writing were made, drawn or issued on account of prepetition claims and should not be paid, processed or honored; and (ii) provide the Banks instruction with respect to the payment of any other checks, drafts, wires, ACH Transfers and other withdrawals from the Bank Accounts, which instruction may be general in nature, subject to any further specific instruction.

10. The Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any check or payment item that may be honored or as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith

belief that the Court has authorized such prepetition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

11. The Debtors are authorized, but not directed, to pay or reimburse any Bank Account Claims, and the Banks are authorized, in the course of maintaining any of the Bank Accounts for the Debtors and without further Order of this Court, to continue to debit from any applicable Bank Account sufficient funds to satisfy any Bank Account Claim in accordance with the terms of the Bank Account Agreements.

12. The Bank Account Claims are entitled to be allowed administrative expense priority pursuant to section 503(b) of the Bankruptcy Code.

13. Any payment from a Bank Account at the request of the Debtors made by a Bank prior to the Petition Date (including any ACH Transfer such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Account prepetition.

14. The Debtors are authorized to implement changes to the Cash Management System in the ordinary course of business, including opening any additional Bank Accounts, or closing any existing Bank Account as they may deem necessary and appropriate; *provided* that the Debtors shall, as soon as practicable, provide notice of any opening or closing of any Bank Accounts or other bank accounts to (i) the relevant Bank; (ii) the U.S. Trustee; (iii) counsel to the lenders under the Debtors' postpetition financing facility and (iv) counsel to the ad hoc committee of senior secured noteholders.

15. The Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such Bank Accounts or additional bank accounts, or otherwise close any Bank Account, in each case in accordance with the terms of any applicable Bank Account Agreement; *provided*, *however*, that, unless otherwise ordered by this Court, any new bank account shall be with (i) a bank insured by the FDIC and that is organized under the laws of the United States or any State therein, (ii) a bank designated as an Authorized Depository under the U.S. Trustee Guidelines or (iii) any other bank, as the Debtors may determine upon consultation with the U.S. Trustee.

16. This Order shall apply to any and all Bank Accounts actually in, or linked to, the Cash Management System, even if such Bank Accounts do not appear on the list attached as Exhibit A to the Motion, and any and all Bank Accounts opened by the Debtors on or after the Petition Date at any Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on Exhibit A to the Motion), and any and all Banks at which such accounts are opened shall similarly be subject to the terms of this Order, as applicable; *provided, however*, that this Order shall not apply to the funding account to be opened in connection with the Debtors' postpetition financing facility in accordance with the DIP Order and the DIP Documents (as defined below).

17. Nothing contained herein shall prevent Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services.

18. The Debtors are authorized to continue to use their correspondence and business forms, including, but not limited to, purchase orders, letterhead, envelopes, promotional

materials, checks and other business forms (collectively, the "**Business Forms**") substantially in the forms existing immediately before the Petition Date, without reference to their status as debtors in possession; *provided, however*, that as soon as reasonably practicable, the Debtors shall mark "Debtors in Possession" and the chapter 11 case number under which these cases are being jointly administered on any newly printed check stock.

19. The Debtors are authorized to maintain and continue to use their Purchase Card Program on a secured basis consistent with the terms of the Commercial Card Classic Agreement, dated as of October 27, 2011 (as amended from time to time), and related Bank Account Agreements, but subject to the aggregate credit limit for the Purchase Card Program of $200,000, including authorization for the incurrence of indebtedness, posting of collateral and payment of any obligations thereunder, whether arising before, on or after the Petition Date, in the same manner as before the Petition Date; and JPMC is authorized to exercise any of its rights under the Purchase Card Program in accordance therewith without further order of this Court and relief from the automatic stay under section 362 of the Bankruptcy Code is hereby granted solely for such purpose.

20. JPMC is entitled to adequate protection with respect to the Cash Management System and the Purchase Card Program as provided in the DIP Order, including, without limitation, the priming liens pursuant to section 364(d) of the Bankruptcy Code provided therein.

21. To the extent any other order is entered by the Court directing Banks to honor checks, drafts, automated clearing house transfers or other electronic funds transfers or any other withdrawals made, drawn or issued in payment of prepetition or postpetition claims, the obligation to honor such items shall be subject to this Order.

22. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the DIP Order and the documentation in respect of the postpetition financing facility (the "**DIP Documents**"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

23. Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

25. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

*/e/ Gregory F. Kishel*

Dated:  May 07, 2015

Gregory F. Kishel
Chief United States Bankruptcy Judge