UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | | |
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING,
(II) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES,
SALARIES, EMPLOYEE BENEFITS AND OTHER COMPENSATION,
(B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED
ADMINISTRATIVE OBLIGATIONS AND (C) HONOR MANAGEMENT SERVICES
AGREEMENT AND PAY PREPETITION OBLIGATIONS RELATED THERETO,
(III) AUTHORIZING MAGNETATION EMPLOYEES TO PROCEED WITH
OUTSTANDING WORKERS' COMPENSATION CLAIMS AND
(IV) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
<u>RELATED CHECKS AND TRANSFERS</u>**

Upon the motion (the "**Motion**")[1] of Magnetation LLC ("**Mag LLC**") and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for an order (this "**Order**") pursuant to sections 105(a), 362(d), 363(b), 507(a)(4), 507(a)(5), 541, 1107(a) and 1108 of the Bankruptcy Code, (i) granting an expedited hearing; (ii) authorizing, but not requiring, the Debtors to (a) pay the Prepetition Employee Obligations, (b) maintain the Employee Programs and pay related administrative obligations, (c) honor the Management

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/07/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

Services Agreement and pay prepetition obligations related thereto and (d) permit Employees with claims under the Workers' Compensation Programs to proceed with such claims and insurers to continue using collateral and security under the Workers' Compensation Programs; and (iii) authorizing applicable banks and other financial institutions to receive, process, honor and pay related checks and transfers, as more fully described in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to parties in interest as specified in Local Rule 9013-3(a)(2), and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors, and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and the Court having determined that the relief requested is necessary to avoid immediate and irreparable harm, and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED

1. Pursuant to sections 105(a), 362(d), 363(b), 507(a)(4), 507(a)(5), 541, 1107(a) and 1108 of the Bankruptcy Code, the Motion is granted, including the request for expedited

relief.

2. The Debtors shall be, and hereby are, authorized, but not required, to pay or cause to be paid all amounts required under or related to the Prepetition Employee Obligations.

3. The Debtors are authorized, but not required, to continue to pay and honor their obligations arising under or related to their plans, practices, programs and policies for the Magnetation Employees as set forth in the Motion, including, without limitation, those giving rise to the Prepetition Employee Obligations (collectively, the "**Employee Programs**"), as those Employee Programs were in effect as of the Petition Date and as such Employee Programs may be modified, terminated, amended or supplemented from time to time in the ordinary course of the Debtors' businesses.

4. The Debtors are authorized, but not required, to (i) continue utilizing Wilson-McShane Corporation for certain services as described in the Motion and to pay or cause to be paid such claims and when such obligations are due and (ii) pay prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Employee Programs.

5. The Debtors shall be, and hereby are, authorized, but not required, to honor the prepetition obligations arising under the Management Services Agreement and to continue to perform under and exercise their rights and obligations under the Management Services Agreement.

6. The (a) the automatic stay is modified solely to the extent necessary to allow Magnetation Employees to proceed with claims under the Workers' Compensation Programs in the appropriate judicial or administrative fora and to permit insurers under the Workers'

Compensation Programs to continue to access collateral and security provided by the Debtors pursuant to the Workers' Compensation Programs and (b) notice requirements under Bankruptcy Rule 4001(d) with respect to (a) above are waived.

7. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8. Nothing in the Motion or this Order, nor any payments made pursuant to this Order, shall be deemed to be, or constitute, (a) an admission as to the validity or priority of any claim against the Debtors, (b) an assumption or postpetition reaffirmation of any agreement, plan, practice, program, policy, executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, (c) a grant of third-party beneficiary status or bestowal of any additional rights on any third party or (d) a waiver of any rights, claims or defenses of the Debtors.

9. Nothing in the Motion or this Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Order.

10. Nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Prepetition Employee Obligation, including payroll taxes that may be due to any taxing authority.

11. Notwithstanding Bankruptcy Rule 6003 and the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding anything to the contrary contained herein, (i) any payment to be made, and any authorization contained, hereunder shall be subject to the applicable requirements imposed on the Debtors under any order approving the Debtors' postpetition financing facility (the "**DIP Order**") and the documentation in respect of the postpetition financing facility (the "**DIP Documents**"), (ii) nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents and (iii) to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

13. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

*/e/ Gregory F. Kishel*

Dated: May 07, 2015

Gregory F. Kishel
Chief United States Bankruptcy Judge