UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| In re: | | |
|---|---|---|
| Magnetation LLC, | | Case No. 15-50307 |
| | Debtor. | Chapter 11 Case |
| Mag Lands, LLC, | | Case No. 15-50308 |
| | Debtor. | Chapter 11 Case |
| Mag Finance Corp., | | Case No. 15-50309 |
| | Debtor. | Chapter 11 Case |
| Mag Mining, LLC, | | Case No. 15-50310 |
| | Debtor. | Chapter 11 Case |
| Mag Pellet LLC, | | Case No. 15-50311 |
| | Debtor. | Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING, (II) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF SHIPPERS, WAREHOUSEMEN AND SERVICE PROVIDERS AND (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[1] of Magnetation LLC and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, for authority to pay all or a portion of those prepetition labor, shipping and delivery charges to Shippers, Warehousemen and Service Providers,[2] as more fully described in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors'

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

[2] Certain parties may receive payment on account of their prepetition claims pursuant to other motions that have been or may be filed by the Debtors. To the extent that a party receives payment on account of its prepetition claim pursuant to an order approving any such motion, this order shall not apply to such prepetition claim.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/07/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to parties in interest as specified in Local Rule 9013-3(a)(2), and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined, that immediate relief is necessary to avoid irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1. The Motion is granted, including the request for expedited relief.

2. The Debtors are authorized, but not directed, to pay all or some of the Shipping, Warehousing and Servicing Charges, whether relating to the period before or after the Petition Date, as the Debtors determine to be necessary or appropriate.

3. The Debtors may condition payment to the Shippers, Warehousemen and Service Providers upon agreement by the Shipper, Warehouseman or Service Provider to continue to supply goods or services to the Debtors on such creditor's "**Customary Trade Terms**" for a period following the date of the agreement or on other such terms and conditions as are acceptable to the Debtors. As used herein, "**Customary Trade Terms**" means, with respect to a

Shipper, Warehouseman or Service Provider, (i) the normal and customary trade terms, practices and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, coupon reconciliation, and availability, and other applicable terms and programs) that were most favorable to the Debtors and in effect between such creditor and the Debtors prior to the Petition Date or (ii) such other trade terms as agreed by the Debtors and such creditor.

4. As a further condition of receiving payment on a claim of a Shipper, Warehouseman or Service Provider, the Debtors are authorized to require that such Shipper, Warehouseman or Service Provider agree to take whatever action is necessary to remove any existing Liens or Interests at such Shipper, Warehouseman or Service Provider's sole cost and expense and waive any right to assert a Lien or Interest on account of the paid claim of such Shipper, Warehouseman or Service Provider.

5. The Debtors, in consultation with the ad hoc committee of senior secured noteholders, may undertake to cause Shippers, Warehousemen and Service Providers to enter into an agreement (the "**Vendor Agreement**") including provisions substantially in the form attached to the Motion as Exhibit A.

6. The Debtors are authorized, but not required, to enter into Vendor Agreements when the Debtors determine, in consultation with the ad hoc committee of senior secured noteholders, that it is appropriate to do so in connection with making payments to the Shippers, Warehousemen and Service Providers.

7. If the Debtors determine that a Shipper, Warehouseman or Service Provider has not complied with the terms and provisions of the Vendor Agreement or has failed to continue to provide Customary Trade Terms following the date of the agreement, or on such terms as were

individually agreed to between the Debtors and such creditor, the Debtors may terminate a Vendor Agreement, together with the other benefits to the creditor as contained in this Order; *provided*, *however*, that the Vendor Agreement may be reinstated if (x) such determination is subsequently reversed by the Court for good cause after it is shown that the determination was materially incorrect after notice and a hearing following a motion from the creditor, (y) the underlying default under the Vendor Agreement is fully cured by the creditor not later than five business days after the date the initial default occurred or (z) the Debtors reach a subsequent agreement with the creditor.

8. If a Vendor Agreement is terminated as set forth above, or if a Shipper, Warehouseman or Service Provider that has received payment of a prepetition claim later refuses to continue to supply goods or services for the applicable period in compliance with the Vendor Agreement or this Order, then (a) the Debtors may declare that the payment of the creditor's claim is a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover in cash or in goods from such creditor, (b) the creditor shall immediately return such payments in respect of its claim to the extent that the aggregate amount of such payments exceeds the postpetition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever and (c) the creditor's claim shall be reinstated in such an amount so as to restore the Debtors and the Shipper, Warehouseman or Service Provider to their original positions as if the Vendor Agreement had never been entered into and no payment of the creditor's claim had been made.

9. All Vendor Agreements shall be deemed to have terminated, together with the other benefits to Shippers, Warehousemen or Service Providers as contained in this Order, upon

entry of an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

10. All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order, whether presented prior to or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

11. Unless expressly provided for herein, nothing contained in this Order shall be deemed to constitute (a) a rejection, assumption or postpetition reaffirmation of any executory contract or to require the Debtors to make any of the payments or to post any of the deposits authorized herein, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party or (c) a waiver of any rights, claims or defenses of the Debtors.

12. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. Nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Shipping, Warehousing and Servicing Charges.

14. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed

on the Debtors under any order approving the Debtors' postpetition financing facility (the "**DIP Order**") and the documentation in respect of the postpetition financing facility (the "**DIP Documents**"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

15.   The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16.   This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

*/e/ Gregory F. Kishel*

Dated:   May 07, 2015

Gregory F. Kishel
Chief United States Bankruptcy Judge