UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| In re: | |
|---|---|
| Magnetation LLC,<br>Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC,<br>Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp.,<br>Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC,<br>Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC,<br>Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING, (II) AUTHORIZING THE DEBTORS TO CONTINUE AND RENEW THEIR LIABILITY, PROPERTY, CASUALTY AND OTHER INSURANCE PROGRAMS AND HONOR ALL OBLIGATIONS IN RESPECT THEREOF AND (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[1] of Magnetation LLC ("**Mag LLC**") and its subsidiaries as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for (i) an expedited hearing, (ii) authorization to continue their liability, property, casualty and other insurance programs (the "**Insurance Programs**") and pay all obligations in respect thereof pursuant to sections 105(a), 363(b)(1) and 363(c)(1) of the Bankruptcy Code and (iii) authorization of all applicable banks and other financial institutions to receive, process, honor and pay checks or electronic transfers used by the Debtors to pay such obligations, as more fully described in the Motion; and upon consideration of the Declaration of Joseph A.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/07/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties in interest as specified in Local Rule 9013-3(a)(2), and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is necessary to avoid immediate and irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1. Pursuant to sections 105(a), 363(b)(1) and 363(c)(1) of the Bankruptcy Code, the Motion is granted, including the request for expedited relief.

2. The Debtors are authorized to maintain their Insurance Programs without interruption and in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases.

3. The Debtors are authorized, but not required, to pay any amounts arising under the Insurance Programs or the financing thereof, whether due and payable before or after the commencement of these chapter 11 cases.

4. The Debtors are authorized, but not required, to renew or obtain new insurance policies or execute other agreements in connection with their Insurance Programs, including, without limitation, upon the expiration or termination of any Insurance Program.

5. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Order, whether presented prior to or after the Petition Date, to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

6. Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Insurance Programs.

7. To the extent any Insurance Program or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption or reaffirmation of those Insurance Programs or related agreements under section 365 of the Bankruptcy Code.

8. Nothing in this Order shall be deemed to constitute (a) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (b) a waiver of any rights, claims or defenses of the Debtors.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. Notwithstanding anything to the contrary contained herein, (i) any payment to be made, and any authorization contained, hereunder shall be subject to the applicable requirements imposed on the Debtors under the DIP Order and the documentation in respect of the postpetition financing facility (the "**DIP Documents**"), (ii) nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents and (iii) to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

11. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

*/e/ Gregory F. Kishel*

Dated: *May 07, 2015*

Gregory F. Kishel
Chief United States Bankruptcy Judge