UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Magnetation LLC, | Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC, | Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp., | Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC, | Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC, | Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO THE DEBTORS' UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM THE POSTPETITION DELIVERY OF GOODS ORDERED PREPETITION, (III) AUTHORIZING THE DEBTORS TO PAY THOSE OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND (IV) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[1] of Magnetation LLC ("**Mag LLC**") and its subsidiaries, as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") to (a) grant an expedited hearing, (b) grant administrative expense status to the Debtors' undisputed obligations to vendors (the "**Vendors**") arising from the postpetition delivery of goods (the "**Goods**") ordered prepetition (the "**Prepetition Orders**"), (c) authorize the Debtors to pay such obligations in the ordinary course of business and (d) authorize all applicable banks and other financial institutions to honor and process related checks and

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/07/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

transfers, as more fully described in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to parties in interest as specified in Local Rule 9013-3(a)(2); and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    IT IS ORDERED:

    1.    The Motion is granted, including the request for expedited relief.

    2.    The Vendors shall be afforded administrative expense priority status, pursuant to sections 503(b) and 507 of the Bankruptcy Code, with respect to those obligations of the Debtors for Goods delivered and accepted postpetition under Prepetition Orders that the Debtors determine are valid claims against the Debtors' estates.

    3.    The Debtors are authorized to pay all undisputed obligations arising from the postpetition delivery or shipment by the Vendors of Goods, including shipments of parts,

inventory, supplies and equipment, subject to the Prepetition Orders, consistent with their customary practices in the ordinary course of their businesses.

4. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Order, whether presented prior to or after the Petition Date, to the extent the Debtors have good funds standing to their credit with such bank or other financial institution.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5. Nothing in this Order shall be deemed either a grant of administrative expense priority status to, or authority to pay, amounts in respect of inventory or other goods that are not deemed to be Goods for the purposes of this Order.

6. Nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Prepetition Orders.

7. Notwithstanding anything to the contrary contained herein, (a) any payment to be made, and any authorization contained, hereunder shall be subject to the applicable requirements imposed on the Debtors under any order approving the Debtors' postpetition financing facility (the "**DIP Order**") and the documentation in respect of the postpetition financing facility (the "**DIP Documents**"), (b) nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents and (c) to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

8. Other than as expressly set forth herein, nothing in this Order shall be deemed to (a) constitute a postpetition assumption of any agreements related to the Goods or the Vendors pursuant to section 365 of the Bankruptcy Code; (b) grant third-party beneficiary status or bestow additional rights on any third party; or (c) waive any rights, claims or defenses of the Debtors.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

*/e/ Gregory F. Kishel*

Dated: May 07, 2015

Gregory F. Kishel
Chief United States Bankruptcy Judge