UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| In re: | |
|---|---|
| Magnetation LLC,<br>  Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC,<br>  Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp.,<br>  Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC,<br>  Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC,<br>  Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING, (II) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (III) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND (IV) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon the motion (the "**Motion**")[1] of Magnetation LLC and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for an order (a) granting an expedited hearing, (b) determining that the Utilities (as defined below) have "adequate assurance of payment" within the meaning of section 366 of the Bankruptcy Code and approving the Debtors' proposed offer of adequate assurance and the procedures set forth below for resolving requests by Utilities for additional or different assurances beyond those set forth in this Motion, (c) prohibiting the Utilities from altering, refusing or discontinuing any Utility Services (as defined below) on account of prepetition amounts outstanding or on account of any

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/07/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

perceived inadequacy of the Debtors' proposed adequate assurance and (d) establishing procedures for the Utilities to seek to opt out of the Debtors' proposed adequate assurance procedures, as more fully described in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, filed in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties in interest as specified in Local Rule 9013-3(a)(2); and it appearing that no other or further notice need be provided; and the relief requested in the Motion being essential to the continued operation of the Debtors' businesses and in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1. The Motion is granted, including the request for expedited relief.

2. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for utility services (collectively, the "**Utility**

Services") rendered by utilities (as that term is used in section 366 of the Bankruptcy Code, the "**Utilities**") to the Debtors after the Petition Date.

3. The Debtors shall provide a deposit in an amount equal to two weeks of Utility Service (the "**Adequate Assurance Deposit**") less any deposit then held by such Utility, calculated as a historical average over the past 12 months, to each Utility that requests such a deposit in writing as set forth below; *provided* that such requesting Utility does not already hold a deposit equal to or greater than two weeks of Utility Service; *and provided further* that such Utility is not currently paid in advance for its services.

4. The Utilities, whether under direct relationship with the Debtors or through the Debtors' landlords or service agencies, including, but not limited to, the Utilities identified on Exhibit A to the Motion, as may be supplemented by the Debtors from time to time by the filing of a notice with the Court (a "**Supplemental Notice**" and, together with Exhibit A to the Motion, as may be so supplemented from time to time, the "**Utilities List**"), are prohibited from discontinuing, altering or refusing service to, or discriminating against, the Debtors, or requiring additional adequate assurance of payment other than the Adequate Assurance Deposit (and, in conjunction with the Debtors' ability to pay for Utility Services in the ordinary course of business, the "**Proposed Adequate Assurance**"), except in compliance with the following procedures (the "**Adequate Assurance Procedures**"):

(a) Any Utility requesting payment of an Adequate Assurance Deposit must send to (i) the Debtor, Magnetation LLC, 102 NE 3rd Street, Suite 120, Grand Rapids, Minnesota 55744, Attn: Joseph A. Broking, Chief Financial Officer, (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn: Marshall S. Huebner and Michelle M. McGreal and (iii) counsel

3

to the ad hoc committee of senior secured noteholders, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York, 10005, Attn: Evan Fleck and Bradley Friedman (collectively, the "**Request Parties**") a written request (a "**Deposit Request**") that names the Utility and includes payment instructions for the Adequate Assurance Deposit, on or before the date that is 21 days from the entry of this Order (the "**Adequate Assurance Deposit Request Deadline**").

(b) Upon the receipt of a Deposit Request, the Debtors shall provide the requesting Utility with the corresponding Adequate Assurance Deposit; *provided, however*, that such requesting Utility does not already hold a deposit equal to or greater than two weeks of Utility Services; *and provided further* that such Utility is not currently paid in advance for its Utility Services. Any Utility that submits a Deposit Request and already holds a deposit of less than two weeks of Utility Service shall receive an amount equal to the difference between the deposit held by such Utility and the Adequate Assurance Deposit. Any Utility that is currently paid in advance for its Utility Services shall continue to be so paid in the ordinary course of business.

(c) Any Utility desiring additional adequate assurance in the form of a deposit, prepayment or otherwise different form from the Proposed Adequate Assurance must, on or prior to the Adequate Assurance Deposit Deadline, file with the Court and serve on the Request Parties a request (an "**Additional Assurance Request**"), which must be in writing and set forth (i) the amount and form of additional assurance payment requested, (ii) the location(s) for which the Utility Services are provided and the relevant account numbers, (iii) the Debtors' payment history for the most recent 12 months, (iv) a list of any deposits, prepayments or other security currently held by the Utility on account of the

Debtors, (v) a description of any prior material payment delinquency or irregularity and (vi) an explanation of why the Utility believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment.  Any request for additional adequate assurance filed before entry of this Order shall be deemed to be an Additional Assurance Request.

(d)     The Debtors may resolve and settle any Additional Assurance Request by mutual agreement with the Utility and without further order of the Court.  The Debtors shall not be required to provide a Utility that files an Additional Assurance Request with an Adequate Assurance Deposit until such Additional Assurance Request is resolved.

(e)     For any other Utility for which the Debtors are not able to reach a consensual resolution, the Debtors will file a motion (which may address the Additional Assurance Requests of multiple Utilities) and request a hearing before this Court to determine the adequacy of assurance of payment with respect to a particular Utility (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

(f)     Pending resolution of a Utility's Additional Assurance Request by the Court, such Utility shall be prohibited from discontinuing, altering, or refusing service to the Debtors.

(g)     Any Utility that does not submit a Deposit Request or does not file an Additional Assurance Request shall be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code and shall be prohibited from discontinuing, altering or refusing to provide Utility Services, including on account of unpaid charges for prepetition Utility Services, during the pendency of these proceedings.

5. This Order shall be binding on all Utilities, regardless of whether or when such Utility was added by Supplemental Notice; *provided*, *however*, that the Adequate Assurance Deposit Request Deadline shall be extended for any Utility first listed in such Supplemental Notice to the date that is 21 days from the date that such Supplemental Notice is filed.

6. Each Utility shall be deemed to have adequate assurance of payment unless and until (a) the Debtors agree to a Deposit Request or an Additional Assurance Request or agree to alternative adequate assurance of payment with the Utility or (b) this Court enters an order requiring that additional adequate assurance of payment be provided.

7. Nothing herein constitutes a finding that any entity is or is not a Utility hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utilities List.

8. The Debtors shall serve a copy of this Order upon (i) each of the Utilities identified on Exhibit A to the Motion by e-mail or fax or by first-class mail (where the Debtors do not have the e-mail address or fax number for a Utility) and (ii) counsel to the ad hoc committee of senior secured noteholders.

9. The Debtors shall serve a copy of any Supplemental Notice upon each of the Utilities identified in such Supplemental Notice by e-mail or fax or by first-class mail (where the Debtors do not have the e-mail address or fax number for a Utility).

10. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry. This Order shall be deemed to be a final order with respect to any Utility that does not file a timely objection as described herein.

11. Notwithstanding anything to the contrary contained herein, (i) any payment to be made, and any authorization contained, hereunder shall be subject to the applicable requirements

imposed on the Debtors under any order approving the Debtors' postpetition financing facility (the "**DIP Order**") and the documentation in respect of the postpetition financing facility (the "**DIP Documents**"), (ii) nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents and (iii) to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. Nothing, other than as expressly set forth herein, in this Order or the Motion shall be deemed to constitute (a) the postpetition assumption, reaffirmation or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (c) a waiver of any rights, claims or defenses of the Debtors.

14. Any period of time prescribed or allowed by this Order shall be computed in accordance with Bankruptcy Rule 9006.

15. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 07, 2015

*/e/ Gregory F. Kishel*

Gregory F. Kishel
Chief United States Bankruptcy Judge