UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| In re: | |
|---|---|
| Magnetation LLC,<br>    Debtor. | Case No. 15-50307<br>Chapter 11 Case |
| Mag Lands, LLC,<br>    Debtor. | Case No. 15-50308<br>Chapter 11 Case |
| Mag Finance Corp.,<br>    Debtor. | Case No. 15-50309<br>Chapter 11 Case |
| Mag Mining, LLC,<br>    Debtor. | Case No. 15-50310<br>Chapter 11 Case |
| Mag Pellet LLC,<br>    Debtor. | Case No. 15-50311<br>Chapter 11 Case |

**ORDER (I) GRANTING AN EXPEDITED HEARING AND (II) AUTHORIZING THE DEBTORS TO ASSUME THE TECHNOLOGY LICENSE AGREEMENT**

Upon the motion (the "**Motion**")[1] of Magnetation LLC and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") seeking authority pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and to continue performing and exercising their respective rights and obligations thereunder in the ordinary course of business, as more fully set forth in the Motion; and upon consideration of the Declaration of Joseph A. Broking, Chief Financial Officer of Magnetation LLC, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and Local Rule 1070-1, referring to the Bankruptcy Judges of the Bankruptcy Court for the District of Minnesota all cases and proceedings arising under the Bankruptcy Code, promulgated by the District Court for the District of Minnesota; and consideration of the Motion

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/07/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with Bankruptcy Rules 2002(a) and 9013 and Local Rules 2002-1(b), 9013-2 and 9013-3, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their respective estates and creditors and representing a prudent exercise of the Debtors' business judgment; and the Debtors having articulated good, sufficient and sound business justifications and compelling circumstances therefor; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1. The Motion is granted, including the request for expedited relief.

2. The Debtors are authorized to assume the Technology License Agreement, and the Technology License Agreement is deemed assumed, pursuant to section 365 of the Bankruptcy Code, effective as of the date of entry of this Order.

3. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

4. Notwithstanding any Bankruptcy Rule, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

*/e/ Gregory F. Kishel*

Dated: May 07, 2015

Gregory F. Kishel
Chief United States Bankruptcy Judge