UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 15-50307** |
| MAGNETATION LLC, et al, | Court File No. 15-50307 (GFK) |
| Debtors. | |
| (includes: | Court File Nos.: |
| Mag Lands, LLC | 15-50308 (GFK) |
| Mag Finance Corp. | 15-50309 (GFK) |
| Mag Mining, LLC | 15-50310 (GFK) |
| Mag Pellet LLC) | 15-50311 (GFK) |
| | Chapter 11 Cases
Chief Judge Gregory F. Kishel |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER APPROVING EMPLOYMENT OF INVESTMENT BANKER**
*NUNC PRO TUNC* **TO THE PETITION DATE**
**(Blackstone Advisory Partners L.P.)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Upon the application dated May 15, 2015 (the "**Application**")[1] of Magnetation LLC ("**Mag LLC**") and its subsidiaries, as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of Minnesota (the "**Local Rules**") for entry of an order

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Application.

authorizing the Debtors to employ and retain Blackstone Advisory Partners L.P. (the "**Advisor**") as their investment banker, effective *nunc pro tunc* to the Petition Date under the terms and conditions set forth in that certain engagement letter (the "**Engagement Letter**"), dated January 18, 2015 and effective as of January 14, 2015 (the "**Engagement Date**"), all as more fully described in the Application; and upon consideration of the *Unsworn Declaration of Mark Buschmann in Support of the Debtors' Joint Application to Employ Investment Banker (Blackstone Advisory Partners L.P.) Nunc Pro Tunc to the Petition Date*, attached to the Application as Exhibit A (the "**Buschmann Declaration**") and the *Unsworn Declaration and Statement of Kaori Curran and Disclosure Statement of Blackstone Advisory Partners L.P. in Support of the Debtors' Joint Application to Employ Investment Banker (Blackstone Advisory Partners L.P.) Nunc Pro Tunc to the Petition Date*, attached to the Application as Exhibit B (the "Curran **Declaration**" and, together with the Buschmann Declaration, the "**Declarations**"); and the Court being satisfied, based on the representations made in the Application and the Declarations, that (i) the Advisor does not represent or hold any interest adverse to the Debtors or their estates, (ii) the Advisor and its professionals are "disinterested persons" under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and (iii) the terms and conditions of the Advisor's employment, including the compensation structure set forth in the Engagement Letter, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and all of the proceedings had before the Court;

and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The relief requested in the Application is hereby GRANTED.

2. The Debtors are authorized to employ and retain the Advisor as their investment banker effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Engagement Letter attached as Exhibit 1 to the Buschmann Declaration, as modified herein, and incorporated by reference herein, and to pay fees and expenses to the Advisor on the terms and conditions specified in the Engagement Letter.

3. The Advisor is authorized to provide the services detailed in the Engagement Letter in subparagraphs (a) through (n).

4. The Advisor will not, without further order of this Court, provide underwriting services to the Debtors in these chapter 11 cases and will not serve as a commitment party to any equity raise.

5. Notwithstanding anything to the contrary in the Engagement Letter, the Application or the Declarations, to the extent that the Debtors request that the Advisor perform any services other than those detailed in the Engagement Letter in subparagraphs (a) through (n), the Debtors shall seek further approval by the Court, including any related modifications to the Engagement Letter, and the application seeking such approval shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

6. The Debtors will reimburse the Advisor for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter including,

3

without limitation, fees, disbursements and other charges by the Advisor's counsel to the extent provided for in the Engagement Letter as modified by this Order (including, without limitation, pursuant to the Indemnification Provisions as modified by this Order), which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise; *provided, however*, that such fees shall not include fees related to fee applications or drafting and negotiating the Engagement Letter, the Application or any related documents; *provided, further*, that in the event that the Advisor seeks reimbursement from the Debtors for attorneys' fees and expenses consistent with the terms of this Order, the invoices and supporting time records from such attorneys shall be included in the Advisor's own applications and shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code.

7. The Indemnification Provisions set forth in the Engagement Letter and Attachment A of the Engagement Letter (the "**Indemnification Agreement**") are approved, subject to the following modifications:

(a) All requests of Indemnified Parties for payment of indemnity, reimbursement or contribution pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity, reimbursement or contribution conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, reimbursement or contribution is sought; *provided, however*, that in no event shall Indemnified Party be indemnified in the case of its own bad faith, fraud, gross negligence or willful misconduct.

(b) In the event that Indemnified Party seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Indemnified Party for payment of indemnity, reimbursement or contribution pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Indemnified Party's own application (both interim and final) and

4

such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8. The Advisor shall file fee applications on 90-day intervals from the commencement of these chapter 11 cases for compensation and reimbursement of expenses and shall be compensated for its services and reimbursed for any related expenses in accordance with and pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Court's Instructions for Filing a Chapter 11 Case, the Fee Guidelines and any other applicable orders of this Court; *provided, however*, that the fee applications filed by the Advisor shall be subject to review pursuant to the standard of review set forth in section 328 of the Bankruptcy Code (and not the standard of review pursuant to section 330 of the Bankruptcy Code) and solely the U.S. Trustee for the District of Minnesota (the "**U.S. Trustee**") shall be entitled to review the Advisor's applications for payment of compensation and reimbursement of expenses of the Advisor under section 330 of the Bankruptcy Code. The Advisor shall not be required to submit time records in support of its fee applications.

9. The Debtors are authorized to pay up to 80% of the Monthly Fee and 100% of expenses on a monthly basis, subject to later Court approval in accordance with the procedures in paragraph 9 of the Instructions for Filing a Chapter 11 Case.

10. If the Advisor fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth under § 331 (120 days), the Advisor (1) shall be ineligible to receive further monthly payments of fees or expenses as provided in this Order under the Instructions for Filing a Chapter 11 case

5

until further order of the Court and (2) may be required to disgorge any fees paid since the last fee application (or, if no fee application has been filed by such professional, since retention).

11. The Monthly Fee, Restructuring Fee and Discretionary Fee shall be deemed earned and payable when payable upon the terms specified in the Engagement Letter.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 11 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or other Bankruptcy Rules.

15. The Advisor shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

16. To the extent the Application, the Engagement Letter or any prior order or pleading in these cases is inconsistent with this Order, the terms of this Order shall govern.

17. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation, interpretation and/or enforcements of this Order.

Dated: May 27, 2015

*/e/ Gregory F. Kishel*

Gregory F. Kishel
Chief United States Bankruptcy Judge