UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 15-50307** |
| MAGNETATION LLC, et al, | Court File No. 15-50307 (GFK) |
| Debtors. | |
| (includes: | Court File Nos.: |
| Mag Lands, LLC | 15-50308 (GFK) |
| Mag Finance Corp. | 15-50309 (GFK) |
| Mag Mining, LLC | 15-50310 (GFK) |
| Mag Pellet LLC) | 15-50311 (GFK) |
| | Chapter 11 Cases |
| | Chief Judge Gregory F. Kishel |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER AUTHORIZING AND APPROVING (I) THE
2015 INCENTIVE PROGRAM AND (II) THE INCENTIVE
PAYMENTS AUTHORIZED THEREUNDER IN THE ORDINARY
COURSE OF BUSINESS TO CERTAIN EMPLOYEES**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Upon the Motion[1] of Magnetation LLC and its subsidiaries that are debtors and debtors in possession (collectively, the "**Debtors**") for an order, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, authorizing and approving the Debtors' 2015 Incentive Program and the payment of the Incentive Payments contemplated thereunder, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *07/14/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties in interest as specified in Local Rule 9013-3(a)(2), and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested is necessary to avoid immediate and irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1. The relief requested in the Application is hereby GRANTED.

2. The Debtors are hereby authorized, but not directed, pursuant to section 363 of the Bankruptcy Code, to adopt the 2015 Incentive Program.

3. The Debtors are hereby authorized, but not directed, pursuant to section 363 of the Bankruptcy Code, to pay the Incentive Payments in accordance with the 2015 Incentive Program, either (i) as reimbursement payments to Mag, Inc. in respect of the Debtors' Management Services Obligations pursuant to the Management Services Agreement or (ii) alternatively, to the extent that Mag, Inc. does not compensate the Eligible Employees for the Incentive Payments, as direct payments by Mag LLC to the Eligible Employees.

4. Any and all Incentive Payments earned under the 2015 Incentive Program shall constitute administrative expenses of the Debtors' estates.

5. The Debtors are hereby authorized to make modifications to the 2015 Incentive Program; *provided*, *however*, that in no event will any such modification result in an increase to the total aggregate cost of the 2015 Incentive Program.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: *July 14, 2015*

*/e/ Gregory F. Kishel*

Gregory F. Kishel
Chief United States Bankruptcy Judge