## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: | JOINTLY ADMINISTERED UNDER CASE NO. 15-50307 |
| MAGNETATION LLC, et al, | |
| Debtors. | COURT FILES NO. 15-50307 (WJF): |
| (INCLUDES: | |
| MAG LANDS, LLC | 15-50308 (WJF) |
| MAG FINANCE CORP. | 15-50309 (WJF) |
| MAG MINING, LLC | 15-50310 (WJF) |
| MAG PELLET LLC) | 15-50311 (WJF) |
| | Chapter 11 Cases |
| | Judge William J. Fisher |

### NOTICE OF HEARING AND SIXTH APPLICATION FOR COMPENSATION BY INDIANA LOCAL ENVIRONMENTAL COUNSEL FOR THE DEBTORS

**TO: MASTER SERVICE LIST PARTIES SET FORTH IN LOCAL RULE 9013-3(a)(2).**

1. David L. Hatchett, on behalf of Hatchett & Hauck LLP ("Applicant"), Indiana local environmental counsel for the Debtors of the above-captioned bankruptcy estates, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion **at 9:30 am CT on January 9, 2018,** before the Honorable William J. Fisher, United States Bankruptcy Judge for the District of Minnesota, in Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, or as soon thereafter as counsel can be heard.

3. Any response to this motion must be filed and served not later than **January 4, 2018**, which is five days before the time set for the hearing (including Saturdays,

Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §157 and §1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petitions commencing these Chapter 11 cases were filed on May 5, 2015, and the cases are now pending in this Court.

5. This motion arises under 11 U.S.C. § 330 and § 331 and Bankruptcy Rule 2016 and Local Rule 2016-1. This motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 *et. seq.* Applicant requests relief with respect to allowance of compensation for services rendered and reimbursement for expenses incurred.

6. Local Rule 2002-1(b)(2) provides that applications for professional compensation, among other filings, shall be served on the Debtors' creditor matrix. However, this Court has authority pursuant to Local Rule 9029-1 to suspend the requirements of a Local Rule for good cause. Service of all the applications for professional compensation, including this Application, on the entire creditor matrix in these cases would be unduly burdensome on the Debtors' estates. Given the voluminous nature of the applications for professional compensation in these cases and the fact that the Debtors' creditor matrix contains approximately 1,500 parties, the Debtors estimate that the costs of such service would total more than $50,000. Accordingly, Applicant respectfully requests a waiver of Local Rule 2002-1(b)(2) with respect to service of this Application. Instead, this Application has been served on the master service list parties set forth in Local Rule 9013-3(a)(2). Applicant submits that no other or further notice need be provided.

7. On file and of record in this case is the Application for order authorizing the employment of Applicant as Indiana local environmental counsel for Debtors dated

January 25, 2016 (Docket #566) and the Court Order dated February 3, 2016 (Docket #577) approving the Debtors' employment of Hatchett & Hauck LLP, as its Indiana local environmental counsel pursuant to 11 U.S.C. § 327 and subject to the provisions of § 328 and 330. The Court Order is attached as Exhibit "A."

8. No retainer has been paid to Applicant.

9. This is Applicant's sixth application for compensation and reimbursement of expenses. Pursuant to the procedure provided for in Instruction 9 of the Court's published Instructions for Filing a Chapter 11 Case, the Debtors made certain payments to Applicant during the Chapter 11 case. The total payments directly from the Debtors equal the sum of $103,830.77. The payments made result in an outstanding unpaid balance of $1,113.00 in fees and expenses. Applicant has made a previous application to the Court for compensation as follows:

| Application Number | Date of Application | Time Period Covered | Fees | Expenses | Total Fees & Expenses | Approved by Court Order |
|---|---|---|---|---|---|---|
| First | 06/02/2016 [Doc 781] | 01/01/2016 – 03/31/2016 | $37,898.00 | $43.92 | $37,941.92 | 06/22/2016 [Doc 810] |
| Second | 08/11/2016 [Doc 874] | 04/01/2016 – 06/30/2016 | $31,184.25 | $378.10 | $31,562.35 | 09/02/2016 [Doc 899] |
| Third | 11/08/2016 [Doc 1086] | 07/01/2016 – 09/30/2016 | $20,236.00 | $0.00 | $20,236.00 | 11/29/2016 [Doc 1134] |
| Fourth | 02/14/2017 [Doc 1272] | 10/01/2016 – 12/31/2016 | $6,943.50 | $0.00 | $6,943.50 | 03/08/2017 [Doc 1309] |
| Fifth | 05/23/2017 [Doc 1485] | 01/01/2017 – 05/31/17 | $3,349.00 | $15.80 | $3,364.80 | 06/15/2017 [Doc 1506] |

The total approved fees and expenses were paid in the amount of $100,048.57 and there remains unpaid the amount of $0.00 from said approved fees and expenses.

10. XX  No plan has been confirmed.

___ A plan has been confirmed.

11. As of the date of this Application, to the best of Applicant's belief, Applicant is not aware of any unpaid administrative expenses that have been allowed in this case, except as may be set forth on the docket for this case.

12. This Application has been prepared in substantial compliance with Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "Guidelines"). The following is provided in response to the request for additional information set forth in ¶C.5 of the Guidelines:

   a. **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

   Response: No.

   b. **Question:** If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

   Response: Because Applicant is only local counsel with a limited role, no budget was prepared.

   c. **Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

   Response: No.

   d. **Question:** Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

   Response: No.

   e. **Question:** Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:   No (any time spent redacting was not billed).

f. **Question:**   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:   N/A.

13. From June 1, 2017 through October 31, 2017, in the course of representation of the Debtors as Indiana local environmental counsel, Applicant, through its professionals, has expended a total of at least 30.9 hours with a reasonable value (including expenses) of $5,565.00. Said legal services performed are detailed and separated by task on the Invoice(s) of Applicant, attached hereto as Exhibit "B" and incorporated herein by reference, and reflect work on issues such as: (i) advising on applicable environmental regulatory requirements; (ii) defending one of the Debtors in an Indiana Department of Environmental Management inspection response; (iii) evaluating environmental records in connection with the sale of Debtors' Indiana assets; and (iv) participating in any necessary calls or conferences relating to the foregoing matters, all for the purpose of continuing Debtors' business operation and preserving Debtors' assets.

14. The professionals who performed work during this period are: David L. Hatchett (Indiana bar admission in 1996) and Lauren D. Hacias (law clerk until her Indiana bar admission in October 2017). The applicable hourly rates and the time worked by each professional are set forth on the Invoice(s) in Exhibit "B", together with a specific breakdown of the fees attributable to each task for which the Applicant has been retained.

15. These hourly rates have been in effect since the beginning of this representation on December 31, 2015. The calculated blended hourly rate for this period is $180.10. The blended hourly rate for all firm attorneys (many of which did not work on these matters) is $287.00.

16. $0.00 in expenses were incurred by Applicant this period.

17. The amount set out herein is fair and reasonable for the services performed, is commensurate with fees charged in the community for similar services performed by persons of similar experience in this area and practice of law.

18. Applicant has no agreement or understanding with any person for the sharing of compensation received or to be received for services rendered in connection with this proceeding.

WHEREFORE, Applicant moves the Court for an Order awarding to Applicant fees in the amount of $5,565.00 and further awarding to Applicant reimbursement for expenses incurred in the amount of $0.00, for a total of $5,565.00, of which $4,452.00 has been paid; authorizing the Debtors to pay the **unpaid balance due of $1,113.00**; and such other relief as may be just and equitable.

Respectfully submitted,

HATCHETT & HAUCK LLP

_____
David L. Hatchett, #19383-49
111 Monument Circle, Suite 301
Indianapolis, Indiana 46204-5124
Phone: 317.464.2620
Fax: 317.464.2629
Email: david.hatchett@h2lawyers.com

I, David L. Hatchett, on behalf of HATCHETT & HAUCK LLP, the moving party named in the foregoing Notice of Hearing and Application, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on: 12/18/17            _____
                                 David L. Hatchett

6

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 15-50307** |
| MAGNETATION LLC, et al, | Court File No. 15-50307 (GFK) |
| Debtors. | |
| (includes: | Court File Nos.: |
| Mag Lands, LLC | 15-50308 (GFK) |
| Mag Finance Corp. | 15-50309 (GFK) |
| Mag Mining, LLC | 15-50310 (GFK) |
| Mag Pellet LLC) | 15-50311 (GFK) |
| | Chapter 11 Cases
Chief Judge Gregory F. Kishel |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER APPROVING DEBTORS' JOINT APPLICATION TO EMPLOY
LOCAL ENVIRONMENTAL COUNSEL *NUNC PRO TUNC* TO
DECEMBER 31, 2015
(Hatchett & Hauck LLP)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Upon the application dated January 25, 2016 (the "**Application**")[1] of Magnetation LLC and its subsidiaries, as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), for the entry of an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Local Bankruptcy

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Application.

Rules for the District of Minnesota (the "**Local Rules**"), authorizing them to employ and retain Hatchett & Hauck LLP ("**Hatchett**") as local environmental counsel in the above-captioned chapter 11 cases *nunc pro tunc* to December 31, 2015; and upon the *Unsworn Declaration of David L. Hatchett in Support of the Debtors' Joint Application to Employ Indiana Local Environmental Counsel Nunc Pro Tunc to December 31, 2015 (Hatchett & Hauck LLP)*, attached to the Application (the "**Hatchett Declaration**") and the *Unsworn Declaration of Joseph A. Broking in Support of the Debtors' Joint Application to Employ Indiana Local Environmental Counsel Nunc Pro Tunc to December 31, 2015 (Hatchett & Hauck LLP)*, attached to the Application (the "**Broking Declaration**"); and the Court being satisfied based on the representations made in the Application and in the Hatchett Declaration and the Broking Declaration, that (i) Hatchett represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged and that it is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, (ii) its employment is necessary and in the best interests of the Debtors' estates and (iii) the terms of the Engagement Letter are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.    The relief requested in the Application is hereby GRANTED.

    2.    In accordance with sections 327(a) and 328(a) of the Bankruptcy Code,

Bankruptcy Rule 2014 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Hatchett as local environmental counsel *nunc pro tunc* to December 31, 2015 on the terms set forth in the Application and the Engagement Letter, as modified by this Order.

3. Hatchett shall be compensated for its services and reimbursed for any reasonable and necessary expenses and disbursements in accordance with the disbursement policies set forth in the Application and the Hatchett Declaration, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court.

4. In accordance with paragraph 9 of the Court's Instructions for Filing a Chapter 11 Case, interim fee applications by Hatchett may be heard on 90-day intervals from the commencement of the Debtors' chapter 11 cases.

5. The Debtors are authorized to pay monthly invoices of Hatchett under the procedures set forth in paragraph 9 of the Court's Instructions for Filing a Chapter 11 Case.

6. If Hatchett fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth under § 331 (120 days), Hatchett (1) shall be ineligible to receive further monthly payments of fees or expenses as provided in this Order under the Instructions for Filing a Chapter 11 case until further order of the Court and (2) may be required to disgorge any fees paid since the last fee application (or, if no fee application has been filed by such professional, since retention).

7. Hatchett shall make all reasonable efforts to avoid any inappropriate duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8. Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately

effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: February 3 , 2016

*/e/ Gregory F. Kishel*

Gregory F. Kishel
Chief United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *02/03/2016*
Lori Vosejpka, Clerk, by AMM

# EXHIBIT B

# Hatchett & Hauck LLP

# Invoice

111 Monument Circle, Suite 301
Indianapolis, IN 46204
317.464.2620
317.464.2629

EIN# 20-1234856

**September 22, 2017**

Invoice
submitted to:
Mag Pellet LLC
Attn: Michael Twite
102 NE Third Street, Suite 120
Grand Rapids, MN 55744
mike.twite@magnetation.com

| Invoice Number |
|---|
| **9909** |

**In Reference To:  Mag Pellet LLC**
                   **Environmental**

| Terms |
|---|
| Net 30 Days |

| Date | Prof. | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/2/2017 | DLH | Review EPA allegations in administrative costs filing and email with Davis Polk. | 0.80 | $340.00/hr | $272.00 |
| 8/8/2017 | DLH | Prepare for and call with Davis Polk discussing EPA claim. | 0.90 | $340.00/hr | $306.00 |
| 8/22/2017 | DLH | Emails with EPA and M. Talarico on EPA claim. | 0.40 | $340.00/hr | $136.00 |
| 8/25/2017 | DLH | Review EPA allegations against factual background. | 2.60 | $340.00/hr | $884.00 |
|  | DLH | Prepare for and call with DOJ/EPA discussing administrative claim. | 0.70 | $340.00/hr | $238.00 |
|  | DLH | Report on call with EPA/DOJ. | 0.40 | $340.00/hr | $136.00 |
|  | LDH | Research related to EPA enforcement authority and case law. | 3.90 | $70.00/hr | $273.00 |
| 8/28/2017 | DLH | Consider EPA claim's allegations. | 0.10 | $340.00/hr | $34.00 |
|  | LDH | Research EPA authority and settlements in bankruptcy setting. | 5.40 | $70.00/hr | $378.00 |
| 8/29/2017 | DLH | Emails with team to discuss EPA claim. | 0.10 | $340.00/hr | $34.00 |
|  | DLH | Evaluate EPA claim in context of other bankruptcy/inability to pay cases. | 0.40 | $340.00/hr | $136.00 |
|  | LDH | Review and edit chart related to bankruptcy case law research. | 0.90 | $70.00/hr | $63.00 |
| 8/30/2017 | DLH | Consider EPA guidance on ability to pay. | 0.10 | $340.00/hr | $34.00 |
|  | LDH | Research bankruptcy and ability to pay in environmental enforcement. | 1.80 | $70.00/hr | $126.00 |

**TOTAL For Professional Services Rendered**                                                                **$3,050.00**

Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| David L. Hatchett | 6.50 | 340.00 | $2,210.00 |
| Lauren D. Hacias | 12.00 | 70.00 | $840.00 |

Please make all payments to Hatchett & Hauck LLP and include the invoice number being paid.  This invoice is considered past due 30 days after receipt.
A late charge at the rate of 1% per month will be imposed on past due invoices.

Thank you for your business.

1

# Hatchett & Hauck LLP

# Invoice

111 Monument Circle, Suite 301
Indianapolis, IN 46204
317.464.2620
317.464.2629

EIN# 20-1234856

**October 27, 2017**

Invoice
submitted to:
Mag Pellet LLC
Attn: Michael Twite
102 NE Third Street, Suite 120
Grand Rapids, MN 55744
mike.twite@magnetation.com

| Invoice Number |
|---|
| **10014** |

**In Reference To:** Mag Pellet LLC
**Environmental**

| Terms |
|---|
| Net 30 Days |

| Date | Prof. | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/1/2017 | DLH | Emails with EPA on status of claim consideration. | 0.10 | $340.00/hr | $34.00 |
| 9/5/2017 | DLH | Review EPA allegations and enforcement case history. | 1.50 | $340.00/hr | $510.00 |
|  | DLH | Call with client team discussing EPA claim. | 0.70 | $340.00/hr | $238.00 |
|  | DLH | Correspondence with EPA on claim. | 0.10 | $340.00/hr | $34.00 |
| 9/7/2017 | DLH | Emails with EPA/DOJ and client on discussion of EPA claim. | 0.20 | $340.00/hr | $68.00 |
| 9/12/2017 | DLH | Prepare for and call with EPA/DOJ regarding administrative claim. | 0.70 | $340.00/hr | $238.00 |
|  | DLH | Attention to info requested by EPA/DOJ. | 0.20 | $340.00/hr | $68.00 |
| 9/14/2017 | DLH | Emails on court date for EPA claim. | 0.10 | $340.00/hr | $34.00 |
| 9/15/2017 | LDH | Review statutory requirements for ability to pay and EPA guidance. | 0.70 | $70.00/hr | $49.00 |
| 9/18/2017 | LDH | Draft analysis of ability to pay and civil penalty considerations. | 4.50 | $70.00/hr | $315.00 |
| 9/22/2017 | DLH | Revise inability to pay analysis. | 1.70 | $340.00/hr | $578.00 |
| 9/25/2017 | DLH | Finalize and send to Davis Polk draft response on EPA claim. | 0.40 | $340.00/hr | $136.00 |
|  | LDH | Analyze case law regarding ability to pay. | 1.10 | $70.00/hr | $77.00 |

**TOTAL For Professional Services Rendered**                                    **$2,379.00**

Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| David L. Hatchett | 5.70 | 340.00 | $1,938.00 |
| Lauren D. Hacias | 6.30 | 70.00 | $441.00 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| **$2,379.00** | **$610.00** | **$0.00** | **$0.00** | **$0.00** |

Please make all payments to Hatchett & Hauck LLP and include the invoice number being paid. This invoice is considered past due 30 days after receipt. A late charge at the rate of 1% per month will be imposed on past due invoices.

Thank you for your business.

1

# Hatchett & Hauck LLP

# Invoice

**November 22, 2017**

111 Monument Circle, Suite 301
Indianapolis, IN 46204
317.464.2620
317.464.2629

EIN# 20-1234856

| | |
|---|---|
| Invoice Number | |
| **10072** | |

Invoice
submitted to:
Mag Pellet LLC
Attn: Michael Twite
102 NE Third Street, Suite 120
Grand Rapids, MN 55744
mike.twite@magnetation.com

**In Reference To:** **Mag Pellet LLC**
             **Environmental**

| Terms |
|---|
| Net 30 Days |

| Date | Prof. | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/5/2017 | DLH | Attention to settlement offer to EPA. | 0.20 | $340.00/hr | $68.00 |
| 10/10/2017 | DLH | Emails on settlement offer for EPA claim. | 0.10 | $340.00/hr | $34.00 |
| 10/24/2017 | DLH | Update on EPA's adjournment of claim. | 0.10 | $340.00/hr | $34.00 |

**TOTAL For Professional Services Rendered**                                                              **$136.00**

Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| David L. Hatchett | 0.40 | 340.00 | $136.00 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| **$2,515.00** | **$0.00** | **$610.00** | **$0.00** | **$0.00** |

Please make all payments to Hatchett & Hauck LLP and include the invoice number being paid. This invoice is considered past due 30 days after receipt.
A late charge at the rate of 1% per month will be imposed on past due invoices.

Thank you for your business.

1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: | JOINTLY ADMINISTERED UNDER CASE NO. 15-50307 |
| MAGNETATION LLC, et al, Debtors. | COURT FILES NO. 15-50307 (WJF): |
| (**INCLUDES**:<br>MAG LANDS, LLC<br>MAG FINANCE CORP.<br>MAG MINING, LLC<br>MAG PELLET LLC) | 15-50308 (WJF)<br>15-50309 (WJF)<br>15-50310 (WJF)<br>15-50311 (WJF)<br><br>Chapter 11 Cases<br>Judge William J. Fisher |

# ORDER ALLOWING COMPENSATION
# TO LOCAL COUNSEL FOR THE DEBTORS

This case is before the court on the sixth application of the law firm of HATCHETT & HAUCK LLP for compensation as local counsel for the Debtors.

Based on the application and the file,

IT IS ORDERED:

1. Local Rule 2002-1(b)(2) is hereby waived with respect to service of the Application.

2. HATCHETT & HAUCK LLP is awarded $5,565.00 as compensation as local counsel for the Debtors and $0.00 as reimbursement of expenses incurred and advanced for the applicable time period, for a total of $5,565.00, of which $4,452.00 has been paid.

3. The Debtors are authorized to pay the unpaid balance of **$1,113.00**.

Dated:_____                    _____
                                                  William J. Fisher
                                                  United States Bankruptcy Judge